(890 P.2d 1242)
No. 71,835

FEDERAL LAND BANK OF WICHITA, *Plaintiff*, v. MARTIN VANN, *Defendant/Appellant/Cross-appellee*, and LAVERNE REICH, f/k/a LAVERNE VANN, *Defendant/Appellee/Cross-appellant*, and TIM VANN and LAKIN MOTOR COMPANY, INC., *Defendants*.

Opinion filed March 3, 1995.

*R. H. Calihan, Jr.*, of Calihan, Brown, Burgardt, Wurst & Daniel, of Garden City, for appellant/cross-appellee.

*Robert J. Frederick*, of Lakin, for appellee/cross-appellant.

Before PIERRON, P.J., GERNON and LEWIS, JJ.

GERNON, J.: Martin Vann appeals a district court order which granted his former wife, LaVerne Reich, judgment against him for $37,597.73 and post-judgment interest. Reich cross-appeals the denial of her request for prejudgment interest and the refusal to dismiss Vann's appeal.

Vann and Reich were married in 1949. In 1976, they signed a note to the Federal Land Bank of Wichita (FLB) for $339,000, secured by real estate they owned. They were jointly and severally liable on the debt to the FLB.

Vann and Reich were divorced in 1982. Vann was awarded the real estate which was mortgaged to the FLB free and clear of any claim by Reich. Each received one-half of the mineral interest in the mortgaged property.

Vann defaulted on the note, and the FLB sued Vann and Reich for the balance due on the note and to foreclose its mortgage. Reich filed a cross-claim against Vann, asking for a judgment against him in the amount of any deficiency, relying on the divorce decree and the judgment therein.

In June 1987, the FLB was granted judgment against Vann and Reich in the amount of $328,052.46 and was allowed to foreclose on the mortgage. No appeal was taken from the foreclosure judgment, no post-trial motions were filed, and the matter of Reich's cross-claim against Vann was not addressed at a hearing or in the journal entry of foreclosure.

Vann filed for bankruptcy in August 1987. The bankruptcy filing stayed the foreclosure sale. Reich, FLB, and another creditor objected to the bankruptcy. Eventually an agreement was made in which (1) Vann dismissed the bankruptcy; (2) the sale of the foreclosed real estate proceeded, with FLB purchasing it at a public sale for $250,000; and (3) the court entered a deficiency against Vann and Reich in the amount of $67,387.34.

Between June 1988 and April 1993, Reich paid $37,597.73 on the judgment. The trial court allowed Reich to file an amended cross-claim in the foreclosure action and granted her judgment in the amount of her contribution based on the judgment in the divorce action. The court granted her post-judgment interest. The court denied Reich's request for prejudgment interest and her motion to dismiss Vann's appeal.

Vann appealed the money judgment and the granting of post-judgment interest. Reich cross-appeals the denial of prejudgment interest and the denial of her motion to dismiss Vann's appeal.

On appeal, we must determine: (1) Does res judicata bar Reich's cross-claim; (2) did the March 1988 agreement abrogate the divorce judgment; (3) is Reich's contribution claim valid; (4) should prejudgment interest be awarded; and (5) should Vann's appeal have been dismissed?

## DISMISSAL

First, we find Reich's argument on whether Vann's appeal should have been dismissed to be without merit.

The journal entry on the cross-claim was filed on February 7, 1994. Reich filed a motion to amend that judgment on February 14, 1994. Vann filed a premature notice of appeal on March 3, 1994, which was not docketed in the Court of Appeals within 21 days of that date.

Reich's motion to amend the judgment stayed the running of the appeal time. The journal entry which ruled on her motion was filed on May 2, 1994. Pursuant to Supreme Court Rule 2.03 (1994 Kan. Ct. R. Annot. 8), Vann's premature notice of appeal took effect as if it were filed on that day. Vann filed a second notice of appeal on May 4, 1994, well within the time frame allowed under current statutes and rules. Under either filing, Vann perfected his appeal.

## RES JUDICATA

Vann argues that Reich's cross-claim is barred by the doctrine of res judicata in that the judgment entered on June 23, 1987, in the foreclosure action was final as to all claims, including Reich's claim.

Vann cites several cases for the proposition that res judicata bars the relitigation of matters which were determined or should have been determined in a prior action. Vann argues that Reich's cross-claim should have been adjudicated when the FLB's summary judgment motion was adjudicated. Vann also points to specific language in the journal entry which, he argues, shows that the judgment was final as to Reich's cross-claim. That language reads, "[A]ll issues have been duly joined upon the pleadings and . . . the cause is at issue and the trial thereof may now proceed."

The district court found that it had not resolved Reich's cross-claim and that the judgment was not final under K.S.A. 60-254(b). While this court's standard of review is de novo, the district court's finding gives some guidance as to what the court intended when it granted the foreclosure judgment against Vann and Reich.

"The doctrine of res judicata applies only in the case of final judgments; a judgment which is not final and does not adjudicate the rights in litigation in a conclusive and definitive manner cannot be set up in bar of a subsequent action." 50 C.J.S., Judgments § 620.

At the time the court ruled on the foreclosure action, it could do nothing more than recognize Reich's claim. Until Reich paid some amount on the judgment, she had no claim of contribution against Vann.

The right of contribution arises out of the payment of or on a judgment. *Hays v. Farm Bureau Mut. Ins. Co.*, 225 Kan. 205, 211, 589 P.2d 579 (1979). There was simply no basis for ruling on or recognizing a "contribution" claim until Reich paid on a judgment.

Furthermore, the doctrine of res judicata is founded on the principle that the party "has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988).

"[T]he doctrine of res judicata is held not to apply to issues raised in the previous case which were not decided by the court or jury. Hence, the doctrine of res judicata does not preclude relitigation of an issue raised by the pleadings in the prior action, but not considered either by stipulation of the parties or otherwise." *Jackson Trak Group*, 242 Kan. at 691.

Reich had neither litigated nor had the opportunity to litigate her cross-claim when the court entered the foreclosure judgment. The court had not yet considered the claim. Under these circumstances, res judicata should not bar Reich's cross-claim.

## ABROGATION OF DIVORCE OBLIGATION

Vann's next argument on appeal is that Reich gave up her right of contribution when she signed the "Agreement" dated March 17, 1988.

The FLB, Reich, and Vann entered into the agreement after Vann filed for bankruptcy, which stayed the foreclosure sale of the real estate. Under the agreement, Vann agreed to dismiss his bankruptcy suit so that the foreclosure sale could go forward. Vann and Reich acknowledged that they remained personally liable on the debt owed to the FLB and on any deficiency that might exist after the foreclosure sale. The FLB agreed to exclude certain parts of the real estate from the foreclosure sale. The FLB refinanced the homestead located on the real estate to Vann and agreed not to sell Reich's one-half mineral interest at the initial sale. The agreement never mentions the divorce decree or Reich's right of contribution against Vann.

Vann argues that by Reich's agreeing to remain personally liable on the debt and any deficiency owed to the FLB, she gave up her right of contribution against Vann. According to Vann, Reich gave up this right in consideration for Vann's agreement to dismiss the bankruptcy suit. Vann argues that Reich must have intended to benefit Vann by agreeing to remain personally liable on the debt because, otherwise, the promise was legally meaningless.

Reich argues that she never gave up her right of contribution against Vann. The agreement never mentions Reich's right of contribution against Vann, nor does it contain any language which purports to alter rights and responsibilities as between Vann and Reich. Reich argues that in the agreement, she merely acknowledged her existing liability to the FLB, nothing more.

"This court can review the negotiated agreement and decide its legal effect. Regardless of the construction the district court gave the agreement, this court may independently construe the contract and determine its legal significance." *NEA-Goodland v. U.S.D. No. 352*, 13 Kan. App. 2d 558, 562, 775 P.2d 675, *rev. denied* 245 Kan. 785 (1989).

Various rules of construction apply when a court interprets a written agreement:

" 'A cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if the intention is consistent with legal principles.' [Citation omitted.] When a contract is plain and unambiguous, the parties' intent should be determined from the instrument. [Citation

omitted.] However, where ambiguity or uncertainty is involved, the parties' intent may be determined from all the language used in the contract, the circumstances existing when the agreement was made, the object sought to be obtained, and other circumstances, if any, which tend to clarify the intention of the parties. [Citation omitted.] Whether an ambiguity exists in a written instrument is a question of law for the court. [Citation omitted.]" *Hollenbeck v. Household Bank*, 250 Kan. 747, 751-52, 829 P.2d 903 (1992).

"When a written instrument is complete, the court will not imply an additional term. Language in a contract is ambiguous only when the words used to express the meaning and intention of the parties are insufficient in that the contract may be understood to reach two or more possible meanings." *Havens v. Safeway Stores*, 235 Kan. 226, Syl. ¶ 2, 678 P.2d 625 (1984).

Read as a whole, the agreement is not ambiguous as to whether Reich agreed to give up her right of contribution against Vann. The agreement simply does not contain any such language. The language cited by Vann only addresses the rights of the parties as between the FLB and its two debtors, Vann and Reich. It does not address the rights of the parties as between Vann and Reich. From its face, the agreement cannot possibly be read to mean that Reich gave up her right of contribution against Vann.

In order to reach the conclusion that Reich did, in fact, give up her right of contribution against Vann, this court would have to imply a term which does not appear in the agreement. Only if the court finds that the agreement is ambiguous may the court imply such a term.

Vann has provided no evidence, other than bald allegations and his own interpretation of the agreement, that this was the case. If he presented any such evidence to the trial court, he has failed to include it in the record on appeal. An appellant has the burden to designate a record on appeal sufficient to establish the claimed error. *Plummer Development, Inc. v. Prairie State Bank*, 248 Kan. 664, 671, 809 P.2d 1216 (1991).

## CONTRIBUTION

While both parties refer to Reich's right against Vann as a right of contribution, this terminology may be confusing. In fact, under Reich's argument, she has a right of indemnity because Vann should reimburse her for any and all amounts paid to the FLB.

Under Vann's argument, Reich has a right of contribution because she remains liable for one-half of the judgment; therefore, Vann need only reimburse her for amounts paid in excess of that one-half of the judgment.

We have concluded that Reich had and continues to have a right of indemnity against Vann. Therefore, her claim is for all amounts she paid to the FLB. She is not liable for one-half of the judgment. The court correctly ruled in Reich's favor on this issue.

## PREJUDGMENT INTEREST

The trial court in its ruling on this issue did not give any basis for the denial of Reich's request for prejudgment interest. Presumably, the court gave its reasons during the hearing on the motion; however, a transcript of that hearing is not included on appeal.

Since the case was submitted on stipulated facts, our standard of review is de novo. Therefore, we may consider the issue on appeal.

K.S.A. 16-201 provides for the payment of interest. It reads, in part, as follows: "Creditors shall be allowed to receive interest at the rate of ten percent per annum, when no other rate of interest is agreed upon, for any money after it becomes due." Case law further explains when prejudgment interest is to be awarded.

"The general rule is that an unliquidated claim for damages does not draw interest until liquidated. [Citation omitted.] A claim becomes liquidated when both the amount due and the date on which it is due are fixed and certain, or when the same become definitely ascertainable by mathematical computation. Where an amount is due upon contract, either expressed or implied, and there is no uncertainty as to the amount which is due or the date on which it becomes due, the creditor is entitled to recover interest from the due date. [Citations omitted.]" *In re Tax Protests of Midland Industries, Inc.*, 237 Kan. 867, 868, 703 P.2d 840 (1985).

"A cause of action for contribution is considered an implied contract not in writing." *Litwin v. Barrier*, 6 Kan. App. 2d 128, Syl. ¶ 4, 626 P.2d 1232 (1981).

A decision of the Tenth Circuit Court of Appeals interpreting Kansas law states: "[I]f a claim is liquidated, prejudgment interest

must be awarded." *Royal College Shop v. Northern Ins. Co. of N.Y.*, 895 F.2d 670, 673-74 (10th Cir. 1990). " '[W]here necessary to arrive at full compensation, a court may *in the exercise of its discretion* award interest or its equivalent as an element of damages even where the primary damages are unliquidated.' [Citation omitted.]" *Royal College Shop*, 895 F.2d at 675.

Reich argues that her claim, as divided into three separate payments, was liquidated from the date of each payment. The parties' stipulations of fact include a statement from the FLB regarding the amounts it received in satisfaction of the judgment against Vann and Reich. These include:

5/10/89   Payment from Bob Frederick (Reich's attorney) of $26,601.25 from the sale of minerals;

8/ 6/90   Payment from Reich of $950.00;

3/19/91   Payment from Reich of $10,046.48.

Given the stipulations of the parties, there is no uncertainty as to the amount due and the date it was due. Therefore, it was error for the trial court not to award Reich prejudgment interest. Therefore, this matter is remanded to the trial court for the calculation of interest consistent with our holding.

Affirmed in part, reversed in part, and remanded.