Lee K. KESTER, Plaintiff,

v.

**SHAWNEE MISSION UNIFIED SCHOOL DISTRICT NO. 512, Defendant.**

Civil Action No. 01–2476–CM.

United States District Court, D. Kansas.

March 17, 2003.

William S. Robbins, Jr., Shughart, Thomson & Kilroy, PC, Kansas City, MO, for Plaintiff.

Curtis L. Tideman, Tammy M. Somogye, Lathrop & Gage L.C., Overland Park, KS, Rebecca L. McGinnis, Lathrop & Gage, L.C., Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Lee K. Kester filed suit against defendant Shawnee Mission Unified School District No. 512, alleging that defendant, her former employer, subjected her to unlawful discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Pending before the court is defendant's Motion for Summary Judgment (Doc. 18). For the reasons set forth below, defendant's motion is denied.

- **Facts**[1]
- **Plaintiff's Employment with Defendant**

Plaintiff was hired by defendant in 1995. During the 2000–2001 school year, plaintiff was employed as a Personnel Administrator for defendant. The contract between plaintiff and defendant in effect during the 2000–2001 school year incorporated by reference the defendant's Personnel Policies. On August 30, 2000, defendant suspended plaintiff's employment.

- **The Board of Education Proceedings**

On September 25, 2000, defendant's administrators recommended to the Board of Education (hereinafter "Board") that plaintiff's employment contract be terminated. On September 25, 2000, the Board adopted a resolution that plaintiff be given notice of its intent to terminate her contract of employment for the following reasons: 1) tape-recording confidential conferences with defendant's legal counsel without the consent of defendant; 2) refusing to relinquish the audio-recording of the confidential communications when instructed to do so by her supervisor; 3) demonstrating combative behavior toward supervisors and peers; 4) demonstrating insubordination in dealing with the decisions of her supervisors; and 5) demonstrating an unwillingness to accept and perform job assignments.

The Personnel Policies incorporated into plaintiff's 2000–2001 contract with defendant provide:

> Whenever the Board of Education proposes to terminate the contract of employment of an administrator, except supplemental contracts entered into under the provisions of K.S.A. 72–5412a,

---

**1.** In accordance with the applicable summary judgment standard, the facts are uncontro- verted or related in the light most favorable to plaintiff. Fed.R.Civ.P. 56.

written notice of the proposed termination shall be given to such administrator. Such written notice shall include (1) a statement of the reason for the proposed action, and (2) a statement that the administrator may have the matter heard by the Board of Education upon filing a written request for hearing with the Clerk of the Board within fifteen (15) days from the date of such notice of proposed termination.

(Def.'s Mem. Exh. A2). The Clerk of the Board notified plaintiff on September 26, 2000, of the Board's resolution to terminate her contract. On October 5, 2000, plaintiff requested a hearing before the Board. On October 13, 2000, the Clerk of the Board notified plaintiff that the Board would hold her requested hearing on November 8, 2000. The Board held plaintiff's hearing on November 8 and 17, 2000.

At the hearing before the Board, witnesses testified on behalf of plaintiff and defendant. Plaintiff did not have the power to subpoena witnesses on her behalf. However, defendant offered to assist plaintiff in procuring witnesses she designated for testimony to come to the Board hearing. In addition, plaintiff did not have the power to engage in discovery in preparation for the hearing. However, defendant offered to use reasonable efforts to respond to requests for specific information in advance of the Board hearing.

On November 27, 2000, the Board issued its decision, finding "good cause" to terminate plaintiff's contract. The Board notified plaintiff of its decision on November 28, 2000. The Personnel Policies incorporated into plaintiff's 2000–2001 contract with defendant further provide:

Unless otherwise agreed to by both the administrator and the Board, the Board shall render a written decision on the proposed termination within fifteen (15) days after the close of the hearing, setting forth its findings of fact and conclu-sions. Such written decision shall be made available to the administrator. The decision of the Board of Education shall be final, subject to appeal to the district court as provided by K.S.A. 60–2101.

(*Id.*).

• **The Johnson County State Court Proceedings**

On December 27, 2000, plaintiff filed a Petition in Johnson County District Court, naming Shawnee Mission Unified School District No. 512 as the defendant. Plaintiff's Petition included claims for declaratory judgment and breach of contract, and in the alternative, a request for judicial review of the Board's decision under Kan. Stat. Ann. § 60–2101. Defendant moved the court to dismiss plaintiff's claims for declaratory judgment and breach of contract on the basis that an appeal under Kan. Stat. Ann. § 60–2101 was her exclusive remedy. Plaintiff did not oppose defendant's Motion to Dismiss. Accordingly, on July 12, 2001, in a journal entry, the Johnson County District Court granted defendant's motion and dismissed the declaratory judgment and breach of contract claims with prejudice. The state court's journal entry indicated, "Plaintiff has not filed a response to the Motion and does not oppose it. For good cause shown, the Motion is Granted. Counts I and II of Plaintiff's Petition [declaratory judgment and breach of contract] are hereby dismissed, with prejudice." (Def.'s Mem. Exh. E).

With respect to plaintiff's remaining state law claim, defendant argued that plaintiff did not follow the appropriate procedure for appealing the Board's decision regarding the termination of her contract and, accordingly, the court lacked jurisdiction to hear her untimely appeal. On October 30, 2001, the court dismissed plaintiff's request for judicial review, finding it

lacked subject matter jurisdiction over the appeal due to plaintiff's failure to appeal timely the Board's decision.

Subsequently, plaintiff filed a Motion for Reconsideration of the court's October 30, 2001 decision. After reviewing the pleadings on file and hearing the arguments of counsel, the court denied plaintiff's Motion for Reconsideration on December 11, 2001. Plaintiff did not appeal the court's dismissal of her judicial review claim.

### ● The United States District Court for the District of Kansas Proceedings

On September 25, 2001, plaintiff filed a federal complaint against defendant in this court. Plaintiff's Complaint includes claims for sex discrimination, retaliation for engaging in activities protected by Title VII, violation of the FMLA, violations of the EPA, and violations of the ADA. Each of plaintiff's claims arise from her employment with defendant. Prior to filing her federal Complaint, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 11, 2000. On July 25, 2001, the EEOC issued a right-to-sue letter to plaintiff.

### ● Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *see Adler,* 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

● **Discussion**

Defendant contends that plaintiff's claims are barred under the doctrine of res judicata, including both issue and claim preclusion. Specifically, defendant asserts that plaintiff improperly seeks to "re-litigate what she already litigated before the Board and/or what she should have litigated in state court," (Def.'s Mem. at 1), and therefore defendant is entitled to judgment as a matter of law on each of plaintiff's claims. As set forth below, based on the record before it and considering the arguments presented, the court does not agree that res judicata bars plaintiff's claims.

 Federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 to give a state court judgment the same preclusive effect as it would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). The preclusive effect of a state court decision on an action filed in federal court is a matter of state law. *Weaver v. Boyles*, 172 F.Supp.2d 1333, 1339 (D.Kan. 2001), *aff'd*, 26 Fed.Appx. 908, 2002 WL 220590 (10th Cir. Feb.13, 2002). Therefore, this court applies Kansas law to determine whether plaintiff's claims are barred by the doctrine of res judicata.[2]

 Res judicata is "a rule of fundamental and substantial justice that enforces the public policy that there be an *end* to litigation. By preventing repeti-

tious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir.1990) (internal citation and quotation omitted). Under Kansas law, the doctrine of res judicata includes both claim preclusion and issue preclusion. *Jackson Trak Group ex rel. Jackson Jordan, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690–91, 751 P.2d 122, 128 (1988).[3]

● **Claim Preclusion**

 Defendant contends that the prior proceedings before the Board and before the state court preclude plaintiff from litigating the claims raised in the present lawsuit. "Claim preclusion prevents parties from relitigating a cause of action that has been finally adjudicated. It is founded on the principle that the party, or some other party in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." *Jackson Trak*, 242 Kan. at 690–91, 751 P.2d at 128 (citations omitted). For claim preclusion to bar a claim, four elements must exist: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. State Dep't of Soc. and Rehab. Servs.*, —— Kan. ——, 49 P.3d 1274, 1285 (2002), *cert denied*, —— U.S. ——, 123 S.Ct. 700, 154 L.Ed.2d 632 (2002); *Hawkinson v. Bennett*, 265 Kan. 564, 589, 962 P.2d 445, 465 (1998) (noting

**2.** The court notes that Kansas law "does not appear to differ significantly from the federal law regarding preclusion doctrines [and] Kansas courts specifically look to Supreme Court and circuit law to decide application of the doctrines." *Woodard v. Jefferson County*, 18 Fed. Appx. 706, 712 (10th Cir.2001) (citing *Grimmett v. S & W Auto Sales Co.*, 26 Kan. App.2d 482, 486–87, 988 P.2d 755, 759–60 (1999)).

**3.** Recently, the Kansas Supreme Court noted that "[w]hile the concept of res judicata is broad enough to encompass both claim preclusion and issue preclusion, the modern trend is to refer to claim preclusion as res judicata and issue preclusion as collateral estoppel." *Waterview Resolution Corp. v. Allen*, —— Kan. ——, 58 P.3d 1284, 1290 (2002) (citing 46 Am.Jur.2d, Judgments § 516).

all elements must be met for claim preclusion to apply). Where all elements are met for claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues [or claims] that were or could have been raised in that action." *Grimmett*, 26 Kan.App.2d at 487, 988 P.2d at 759.

### ● Issue Preclusion

 Defendant also contends that the prior proceedings before the Board and before the state court preclude plaintiff from litigating the issues raised in the present lawsuit. Issue preclusion prevents relitigation in a different claim of issues conclusively determined in a prior action. *Jackson Trak*, 242 Kan. at 690–91, 751 P.2d at 128. Issue preclusion may be invoked "where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment." *Id.* (internal citation omitted). To invoke issue preclusion, defendant must establish that all of the elements have been met. *Hawkinson*, 265 Kan. at 589, 962 P.2d at 465.

### ● Final Judgment on the Merits

 Res judicata (both claim and issue preclusion) will only bar plaintiff's claims in this suit if defendant can show that plaintiff's prior proceedings ended with a judgment on the merits. *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir.1997) ("Res judicata is an affirmative defense on which the defendant has the burden of setting forth facts sufficiently to satisfy the elements."). Under Kansas law, res judicata applies "only in the case of final judgments; a judgment which is not final and does not adjudicate the rights in litigation in a conclusive and definitive manner cannot be set up in bar of a subsequent action." *Fed. Land Bank of Wichita v. Vann*, 20 Kan.App.2d 635, 638, 890 P.2d 1242, 1245 (1995) (quotation omitted). At issue here is whether the decision of the Board or the subsequent decision of the state court is a "final judgment" such that res judicata may apply to preclude plaintiff's federal claims. Plaintiff contends that no final judgment is present in either the Board or the state court decisions.

### ● State Court Decision

### ● State Court Procedural History

 As set out above, the state court issued two decisions. First, upon motion by defendant, the state court dismissed the plaintiff's declaratory judgment and breach of contract claims, finding it lacked subject matter jurisdiction over these claims. Defendant argued that under Kansas law plaintiff's exclusive remedy for contesting the actions of the District with respect to the termination of her contract was to request judicial review of the underlying administrative decision. *See Francis v. Unified Sch. Dist. No. 457*, 19 Kan.App.2d 476, 477, 871 P.2d 1297, 1298 (1994) ("The only means available to appeal from a school board's termination of an employment contract is the procedure set forth in K.S.A .... 60–2101(d)."). Plaintiff did not contest the dismissal of these claims.

Next, the state court dismissed plaintiff's claim for judicial review of the Board's decision to terminate plaintiff's contract for lack of subject matter jurisdiction. In her state court Petition, plaintiff appealed the decision of the Board by seeking judicial review of the Board's decision under Kan. Stat. Ann. § 60–2101. In response to plaintiff's request for judicial review, defendant argued to the state court that the court lacked jurisdiction to hear plaintiff's appeal filed pursuant to

Kan. Stat. Ann. § 60–2101 because plaintiff failed to follow the statutorily defined procedure when she appealed the Board's decision regarding the termination of her contract. Specifically, defendant argued that plaintiff failed to file timely a notice of appeal with the Board within thirty days of the entry of the adverse decision. *See Francis*, 19 Kan.App.2d at 479, 871 P.2d at 1299 (1994) (noting court lacks jurisdiction over appeal where aggrieved party fails to comply with statutory scheme).

Following a hearing at which plaintiff and defendant both appeared, on October 30, 2001, the state court dismissed plaintiff's Petition requesting judicial review of the Board's decision. In its Memorandum Order, the state court found it lacked subject matter jurisdiction over the appeal due to plaintiff's failure to satisfy the requirements of Kan. Stat. Ann. § 60–2101(d) because plaintiff failed "to notify the Board within 30 days of the Board's decision of November 27, 2000, that she intended to appeal its decision to terminate [her contract]." (Def.'s Mem. Exh. G). On December 11, 2001, plaintiff moved the court to reconsider its October 30 decision. On January 8, 2002, "[h]aving reviewed the pleadings on file and heard the arguments

of counsel," the court denied plaintiff's motion to reconsider. (*Id.* Exh. H).

● **Applicable Law**

Considering this procedural history and the limited jurisdictional basis for the decisions of the state court, the court finds that the state court's decisions dismissing all three of plaintiff's state law claims for lack of subject matter jurisdiction do not operate as a final judgment barring plaintiff's federal claims under res judicata principles.[4] First, the court finds that dismissal for want of subject matter jurisdiction is not a decision having full res judicata effect. Instead, dismissal for want of subject matter jurisdiction operates as res judicata only as to future jurisdictional issues.[5] *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir.1994). In *State Farm*, the Tenth Circuit explicitly recognized that "a ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its *res judicata* effect is limited to the question of jurisdiction." *Id.* (citing *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir.1987) (citing *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931)))[6] Moreover, it is clear

---

4. Although the state court's journal entry dismissing plaintiff's declaratory judgment and breach of contract claims references that "Plaintiff has not filed a response to the Motion and does not oppose it," the court's entry indicates that it did not grant the defendants' motion as unopposed. Instead, the court specified that the motion was granted "[f]or good cause shown." Accordingly, the court's indication that good cause had been established shows the state court examined the merits of the motion. Therefore, the court finds that the case law indicating that a plaintiff's failure to contest a motion will operate as res judicata is not controlling here. *See Grimmett*, 26 Kan.App.2d at 488, 988 P.2d at 760 (finding dismissal of summary judgment motion as unopposed where plaintiff failed to respond operated as final judgment for res judicata purposes and noting that "[f]ailure to

fully litigate, ... should be construed as an acquiescence to the court's decisions"); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1129 (10th Cir.1991) ("assum[ing] that plaintiff had no quarrel with the [dismissal] decision as he elected not to appeal").

5. The court notes that defendants' motion is not presented as a request to preclude relitigation of the subject matter jurisdiction issue presented to the state court. Instead, defendants' motion seeks a finding that all of plaintiff's federal claims are precluded by the state court's jurisdictional decisions under res judicata principles.

6. See also *Conrad v. United States*, 232 F.3d 900, 2000 WL 1479806, at *2 (10th Cir. Oct.6, 2000) ("Even though a dismissal for lack of jurisdiction is not a judgment on the merits,

that "[i]n order that a judgment may constitute a bar to another suit, it must ... be determined on its merits." *Costello v. United States,* 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (citing *Hughes v. United States,* 4 Wall. 232, 71 U.S. 232, 237, 18 L.Ed. 303 (1866)).

Accordingly, examining the record before the court, it is clear that the state court did not have the opportunity to address the merits of plaintiff's claims when dismissing them on jurisdictional grounds. Instead, the state court's decisions rested on plaintiff's failure to follow the applicable procedural Kansas statutory scheme.

● **Kansas Court Opinion**

At least one Kansas court decision seems to suggest a different conclusion than that reached here. In *Leaming v. Unified School District No. 214,* the Kansas Supreme Court noted that "where a teacher protected by the teacher tenure act requests and receives a due process hearing but fails to take a timely appeal to the district court, the teacher is precluded by the doctrine of res judicata from raising the same issues in another action or proceeding." 242 Kan. 743, 751, 750 P.2d 1041, 1048 (1988) (emphasis added) (citing *Neunzig v. Seaman U.S.D. No. 345,* 239 Kan. 654, 722 P.2d 569 (1986)). On its face, the *Leaming* decision seems to suggest that plaintiff here should be precluded from raising the issues presented to this federal court because she failed to take a timely appeal of the Board's decision to the state district court.

However, plaintiff's case is distinguishable from the case presented in *Leaming.* *Leaming* indicates that its decision applies to teachers protected by the Teacher Ten-

ure Act. *Leaming,* 242 Kan. at 751, 750 P.2d at 1048. Here, however, plaintiff is an administrator, rather than a teacher. Therefore, as an administrator, plaintiff is not covered by the Teacher Tenure Act referenced in *Leaming.* The Teacher Tenure Act specifies that a "teacher" covered by the Teacher Tenure Act "does not include within its meaning ... any supervisors, principals or superintendents or any persons employed in an administrative capacity...." Kan. Stat. Ann. § 72–5436(a). The distinction between an administrator and a teacher under the Teacher Tenure Act is significant because the *Leaming* decision presumes that where a dispute regarding a teacher contract is covered by the Teacher Tenure Act, the due process protections necessary for the application of res judicata are present. In contrast, because an administrator is not covered by the Teacher Tenure Act, these same procedural protections are not presumed to be present. Without the presumption that all due process procedures were applicable to plaintiff, as an administrator not covered by the Teacher Tenure Act, the court finds that *Leaming* does not mandate the application of res judicata here.

● **Conclusion**

Accordingly, the court finds the state court decision regarding plaintiff's claim for judicial review does not bar plaintiff's claims under res judicata principles.

● **Underlying Administrative Decision by Board of Education**

██ Having found that the state court's decisions do not operate as a final

---

*see* Fed.R.Civ.P. 41(b) ... res judicata effect can still be given to such dismissal, though limited to the question of jurisdiction") (citing in part *United States v. Lots 43 Through 46, Including Block 32 Univ. Place, Boulder,*

*Colo.,* 935 F.2d 1134, 1138 (10th Cir.1991) (some citations omitted) (unpublished)). Pursuant to Tenth Circuit Rule 36.3(B)(1), the court cites this unpublished opinion for its persuasive value.

judgment, the court next turns to the administrative proceeding below to determine whether that decision operates as a final judgment for res judicata purposes. Drawing all reasonable factual inferences in plaintiff's favor, the court finds that, on the record before it, the underlying administrative proceeding also does not operate to bar plaintiff's federal claims.

● **Administrative Hearing**

As set out more fully above, the Board held an administrative hearing at which plaintiff contested the defendant's termination of her employment contract. Following the hearing, the Board issued a decision finding good cause existed to terminate plaintiff's contract.

● **Applicable Law**

■■■■ When an administrative body acting in a quasi-judicial manner issues a decision, that decision may be a judgment on the merits barring subsequent litigation of the same issues. *Neunzig*, 239 Kan. at 660–61, 722 P.2d at 575. When determining whether res judicata should apply to administrative proceedings, Kansas courts follow the Restatement (Second) of Judgments § 83 (1980). *Id.* Kansas courts "generally apply preclusion principles only to findings and final decisions of (1) administrative agencies with adjudicative powers (2) to decide the particular issue (3) when the decision is actually a judicial, and not an administrative or managerial, decision; (4) in a proceeding providing due process protections; if (5) the issue has been fully litigated." *Woodard v. Jefferson County*, 18 Fed. Appx. 706, 712–13 (10th Cir.2001) (citing *Murphy v. Silver Creek Oil & Gas, Inc.*, 17 Kan.App.2d 213, 215–16, 837 P.2d 1319, 1321 (1992)).

● **Fairness in Proceeding**

■■■■ Here, given the record before it, the court finds defendant cannot establish that no genuine issue of material fact exists with respect to whether the proceeding before the Board provided plaintiff with due process. Significant to the res judicata analysis is whether there was "fairness" in the process at issue. Res judicata requires that the party must have had a full and fair opportunity to litigate the claim in the prior proceeding. *Nwosun*, 124 F.3d at 1257. As set out by the Tenth Circuit, "[t]he fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Id.* at 1257–58 (citing *SIL–FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir.1990)).

■■■■ Here, plaintiff has offered evidence that the procedures governing the Board's hearing prohibited her from engaging in pre-hearing discovery, from having the opportunity to cross-examine defendant's witnesses who were presented by affidavit, and from subpoenaing her own witnesses to testify. Although there is evidence that defendant cooperated in assisting plaintiff in gathering the information and witnesses necessary to present her case, the court must draw all reasonable inferences in plaintiff's favor. Accordingly, given the record before it, the court finds that there is a genuine issue of material fact regarding whether plaintiff was provided due process protections. Significant to the court, "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed ... redetermination of the issues is warranted." *Morgan v. City of Rawlins*, 792 F.2d 975, 979 (10th Cir.1986) (citing *Montana v. United States*, 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

● **Conclusion**

Accordingly, because the court finds that defendant has not met its burden to

establish that no genuine issue of material fact exists on the element of finality of the Board's administrative proceeding, and because finality is a necessary element for res judicata to apply, the court hereby denies defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 18) is denied.