(31 P.3d 978)

No. 85,755

HEARTLAND PREMIER, LTD., *Appellant*, v. GROUP B AND B, L.L.C., *Appellee*.

Opinion filed September 14, 2001.

*Kurt S. Brack* and *Richard J. Plouff*, of Holbrook, Heaven & Osborn, P.A., of Merriam, for appellant.

*Thomas W. Harris*, of Roeland Park, for appellee.

Before ELLIOTT, P.J., GERNON, J., and WAHL, S.J.

GERNON, J.: This appeal concerns a district court's order which vacated an arbitration award of attorney fees and motion for sum-

mary judgment. Heartland Premier, Ltd. (Heartland), the appellant, also appeals the trial court's denial of its application to confirm the arbitration award and its requests for costs and fees. Group B and B, L.L.C., (Group B) is the appellee.

Heartland entered into a redemption agreement with some of its shareholders to redeem their shares. The agreement contained an arbitration clause. Group B was formed after the execution of the redemption agreement, and there is no issue as to whether it is a proper party to the agreement and its arbitration clause.

The arbitration clause states:

"Arbitration. All disputes and controversies of every kind and nature between the parties to this agreement arising out of or in connection with this agreement as to the existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination thereof shall be submitted to arbitration in accordance with the rules of the American Arbitration Association most closely applicable to the nature of the dispute considering the nature of the business of the parties. Any order rendered therein shall be final and binding on the parties and judgment may be entered thereon in any court of competent jurisdiction."

Group B, pursuant to the arbitration clause, filed a Demand for Arbitration with the American Arbitration Association (AAA). In the arbitration pleadings and prehearing briefs, both parties requested attorney fees.

The arbitrator denied all claims made by the parties but awarded Heartland a total of $15,177.98 for fees and expenses, $13,102.98 of which was for attorney fees. Group B paid a portion of the award but refused to pay the attorney fees.

Heartland filed a petition with the district court for confirmation of the arbitration award and for a judgment on the award. Heartland also requested an award of all costs and attorney fees incurred as a result of filing the petition and obtaining the judgment. Group B filed an application to vacate the award of attorney fees and motion for summary judgment on the grounds that the arbitrator exceeded his powers in awarding such fees.

The district court treated Group B's pleadings as a motion for summary judgment and adopted Group B's reasoning and position. The district court granted Group B's application to vacate the

award and motion for summary judgment and denied Heartland's application to confirm the award, finding that the arbitrator exceeded his powers in awarding the attorney fees. In addition, the court denied Heartland's request for attorney fees in seeking to confirm the award. Heartland appeals.

Heartland argues that the district court lacked authority to vacate the award. We agree.

Generally, when parties have agreed to be bound to a submission to arbitration, errors of law and fact, or an erroneous decision of a matter submitted to the arbitrator, are insufficient to invalidate an award that has been fairly made. Even though incorrectly decided, nothing in the award that relates to the merits of the controversy is grounds for setting aside the award in the absence of fraud, misconduct, or other valid objection. *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 689, 751 P.2d 122 (1988).

In requesting that the arbitrator's award be confirmed, Heartland stated in its petition to the district court that it came pursuant to K.S.A. 5-401 *et seq.* K.S.A. 5-411 states: "Upon application of a party, the court shall confirm an [arbitration] award, unless within the time limits . . . grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in K.S.A. 5-412 and 5-413." K.S.A. 5-412 states in pertinent part: "Upon application of a party, the court shall vacate an award where . . . [t]he arbitrators exceeded their powers." K.S.A. 5-412(a)(3).

In its application to vacate the award and a motion for summary judgment, Group B maintained that the arbitrator exceeded the scope of his authority in awarding Heartland attorney fees. Heartland and Group B differed in their interpretation of the redemption agreement.

The task of the trial court was to interpret a written instrument. It is now our task also.

This dispute focuses on which version of the AAA Commercial Arbitration Rules applies. Heartland argues the 1999 version is applicable, while Group B contends the 1998 version applies.

In 1998, AAA Commercial Arbitration Rule 1 was entitled "Agreement of Parties" and stated:

"The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) or under its Commercial Arbitration Rules. *These rules and any amendment of them shall apply in the form obtained at the time the demand for arbitration or submission agreement is received by the AAA.* The parties, by written agreement, may vary the procedures set forth in the rules." (Emphasis added.)

The redemption agreement was executed in 1998. Group B made its demand for arbitration in March 1999. Based on the clear language of the 1998 AAA Commercial Arbitration Rules, specifically Rule 1, any amendment of the 1998 rules that was in effect in March 1999 would apply to the arbitration.

"Generally, courts seek to uphold arbitration agreements even where the contract provisions are somewhat uncertain and indefinite. Arbitration agreements are construed 'by the usual rules and canons of contract interpretation.' " [Citation omitted.] *City of Lenexa v. C.L. Fairley Constr. Co.*, 245 Kan. 316, 319, 777 P.2d 851 (1989).

Parties are presumed to contract with reference to presently existing statutes, ordinances, and regulations. *Steele v. Latimer*, 214 Kan. 329, 336, 521 P.2d 304 (1974). Thus, it is often said that all existing applicable or relevant and valid statutes, ordinances, regulations, and settled law at the time the contract was made become a part of the contract and must be read into it, unless a contrary intention is shown. 214 Kan. at 336. Applying this rule of contract interpretation, the 1998 AAA Commercial Arbitration Rules apply and must be read into the contract.

In 1998, Rule 43 of the AAA Commercial Arbitration Rules, entitled "Scope of Award," stated:

"The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections 48, 49, and 50 in favor of any party and, in the event that any administrative fees or expenses are due the AAA, in favor of the AAA."

Effective January 1, 1999, AAA Commercial Arbitration Rule 45 became the rule entitled "Scope of Award." Rule 45 included the

language of the old Rule 43, but was amended to also state: "The award of the arbitrator(s) may include: . . . an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." 1999 AAA Commercial Arbitration Rule 45(d).

We conclude that the arbitration clause of the redemption agreement included the action on attorney fees taken here. The district court erred when it set aside the arbitrator's award.

Heartland next argues that the district court erred in adopting Group B's reasoning that K.S.A. 5-410 prohibited the arbitrator from awarding attorney fees.

K.S.A. 5-410 states: *"Unless otherwise provided in the agreement to arbitrate,* the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration shall be paid as provided in the award." (Emphasis added.) By incorporating the AAA rules into the agreement, the parties "otherwise provided" that attorney fees may be included in the arbitrator's award. K.S.A. 5-410 does not preclude an award of attorney fees.

We reverse and remand with directions that the district court enter judgment on behalf of Heartland in the amount the arbitrator awarded for attorney fees, $13,102.98.

We affirm the denial of costs and fees associated with confirming the award in the district court.