No. 98,837

DANIELLE RHOTEN, AS AN INDIVIDUAL AND AS HEIR-AT-LAW OF XAVIER RHOTEN (DECEASED), *Appellant,* v. BRUCE DICKSON, IV, DEFENDANT, AND FRANK PASE, AS AN INDIVIDUAL AND AN EMPLOYEE OF TOPEKA, KANSAS, AND THE CITY OF TOPEKA, KANSAS, AS THE PRINCIPAL AND EMPLOYER OF FRANK PASE, *Appellees.*

(223 P.3d 786)

Opinion filed January 29, 2010.

*Keith Renner*, of Renner Law Office, P.A., of Topeka, argued the cause and was on the brief for appellant.

*David R. Cooper*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, argued the cause, *Teresa L.Watson*, of the same firm, and *Deanne Watts Hay*, of Parker & Hay, LLP, of Topeka, were with him on the briefs for appellees.

The opinion of the court was delivered by

BILES, J.: This appeal asks whether the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) bar plaintiff's negligence and negligence per se claims in state court against the City of Topeka and one of its police officers after those same claims were dismissed without prejudice in federal court. We hold these claims are barred and decline plaintiff's invitation to overrule *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 949 P.2d 602 (1997), *cert. denied* 525 U.S. 831 (1998), which found claim preclusion barred plaintiff's claims under parallel circumstances.

### FACTUAL AND PROCEDURAL BACKGROUND

This controversy arises from an intersection collision between a pickup truck driven by defendant Bruce Dickson, IV, and a van in which plaintiff Danielle Rhoten was a passenger. Rhoten sustained serious injuries and a miscarriage 2 weeks before her due date. Defendant Frank Pase was working at the time of the accident as a police officer for the City of Topeka. The material facts are not in dispute.

Pase was on duty, driving an unmarked patrol car, on the evening of February 5, 2004. Several inches of snow had fallen with accumulations of up to 10 inches. The road in places was wet, slushy, or slick when Pase noticed Dickson's truck about one block ahead weaving in and out of traffic and making quick lane changes. The officer also noticed a dark-colored car closely following the pickup as it maneuvered around traffic. Pase accelerated from approximately 35 m.p.h. to about 55 m.p.h., intending to stop the pickup.

Pase's unmarked patrol car was equipped with a rear-facing red and blue flashing light mounted on the vehicle's interior rear window, a red and blue flashing strobe light on the passenger sun visor, "wig-wag" headlights, a siren, and a chrome spotlight mounted on the front driver's side windshield pillar. Pase intended to activate his lights and siren when he got closer to the pickup, but he did not do so prior to the collision nor did he notify his dispatcher that he was in pursuit of the vehicles.

Both the pickup and the dark-colored car preceded Pase southbound onto the Topeka Boulevard bridge. The bridge inclines as one proceeds southbound and rises to a crest, after which there is a flat expanse across the river. Pase accelerated to 65 m.p.h. in a 35 m.p.h. zone as he approached the bridge's crest and reached the flat expanse, but Pase could not see Dickson's pickup. The dark-colored car following the pickup reduced its speed, discontinued passing, and moved into the right lane. Pase passed it and other vehicles in his attempt to locate the pickup, which by then was out of sight over the bridge's southern crest.

As Pase approached the bridge's south end, he spotted the pickup, approximately 2 blocks ahead. The officer then saw the

pickup accelerate and drive through several green lights before it collided with a van traveling the opposite direction. The van was attempting to turn onto a cross street. Pase was still about 2 blocks from the collision, still attempting to follow the pickup. When Pase arrived at the accident scene, he told Dickson he clocked his speed and was "following and/or chasing" him. Pase also commented to another person at the scene that the officer had "been trying to catch this guy since North Topeka." Plaintiff was a passenger in the van.

Rhoten filed her first lawsuit in the United States District Court for the District of Kansas against Dickson, Pase, and the City of Topeka. *Rhoten v. Dickson, IV*, 2006 WL 2524157 (D. Kan. 2006) (unpublished opinion). She brought a substantive due process claim against Pase and the City pursuant to 42 U.S.C. § 1983 (2000), and supplemental state law claims for negligence and negligence per se against Pase, the City, and Dickson. Her allegations against Pase were premised upon two theories: (1) Pase's actions, *i.e.*, speeding while pursuing Dickson; and (2) Pase's inactions, *i.e.*, his failure to activate the car's lights and siren.

Following discovery, the federal district court granted summary judgment on the substantive due process claim in favor of Pase and the City. The court found Pase's actions were causally unrelated to plaintiff's injuries because Dickson testified in his deposition that nothing done by any car following him that night influenced the way he drove his pickup. Similarly, and on the strength of the same testimony, the court found Pase's alleged inactions to be causally unrelated, concluding Pase did not create any danger or cause plaintiff or anyone else to be any more vulnerable to any danger than otherwise would have been the case. The court held that "[b]ecause defendant Dickson's speed and other manner of driving was totally unaffected by Pase's actions or inactions, any danger posed to plaintiff by virtue of Dickson's driving already existed." *Dickson*, 2006 WL 2524157, at *9. These findings also terminated Rhoten's due process claim against the City because a municipality is not liable if there is no underlying constitutional violation by the officer. *Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1155-1156 (10th Cir. 2001).

Having found against plaintiff on her federal allegations, the federal district court then declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them without prejudice. In doing so, the federal court rejected an argument by Pase and the City that the court's findings regarding causation in Rhoten's substantive due process claim also were dispositive of the negligence claims. As to that point, the court said this "may or may not be so, as causation in the context of a negligence claim may differ somewhat from causation in the context of a substantive due process claim." *Dickson*, 2006 WL 2524157, at *12. Rhoten appealed the federal district court's summary judgment decision to the Tenth Circuit Court of Appeals, which affirmed. *Rhoten v. Pase*, 2007 WL 3088226 (10th Cir. 2007) (unpublished opinion).

While the federal appeal was pending, Rhoten timely refiled the state law negligence and negligence per se theories in state district court against Dickson, Pase, and the City. The negligence claims alleged "defendants failed to . . . operate their vehicle in a safe and reasonable manner and in a manner designed to provide warning to other drivers and pedestrians." The negligence per se theory was brought under K.S.A. 8-1506, stating "defendants engaged in a violation of K.S.A. 8-1506 (and possibly other statutes)." But Rhoten never asserted the violation of another statute.

Pase filed a motion to dismiss for failure to state a claim upon which relief may be granted under K.S.A. 60-212(b)(6). The City filed a motion to dismiss under K.S.A. 60-212(b)(6), or, in the alternative, a motion for summary judgment. A certified copy of Rhoten's federal district court complaint, the federal district court's order, and judgment were filed with the state district court motions. Pase and the City argued Rhoten's claims were barred by the doctrines of claim and issue preclusion due to the federal district court's dismissal without prejudice.

During the course of subsequent proceedings on those motions, the state district court ordered Rhoten, Pase, and the City to submit findings of fact and conclusions of law. All parties complied, filing separate pleadings. The district court then heard oral arguments. During those arguments, Rhoten's counsel conceded that this court's *Stanfield* decision controlled whether claim preclusion

applied, adding that if the district court strictly followed *Stanfield*, it would be required to grant defendants' motions.

The district court dismissed Rhoten's claims against Pase and the City for failure to state a claim upon which relief could be granted. The district court did not grant summary judgment because it held it was not considering evidence beyond the pleadings. The district court then certified its orders as a final judgment under K.S.A. 60-254(b), severing the litigation in this appeal from Rhoten's lawsuit against Dickson.

The district court held the claim preclusion doctrine barred Rhoten's state law claims because the federal due process claim arose from a common nucleus of operative facts, forming part of a single transaction or claim. The district court reasoned that because the federal due process claim reached final judgment in the federal court case, and the parties were identical, claim preclusion prevented the state law claims from resurfacing in another court action. Citing *Stanfield*, the state district court also held the federal court's decision to decline supplemental jurisdiction over the negligence theories did not change this outcome.

The state district court also found Rhoten's state law claims against Pase and the City were barred by the issue preclusion doctrine. The court reasoned the causation question was common to both the state law claims and federal claims as to those particular defendants. It held the federal court's determination that there was no material question of fact as to causation between Pase's alleged actions or inactions and Rhoten's injuries was binding on plaintiff in state court. The district court held:

"If Plaintiff was allowed to proceed on her negligence claims, a relitigation of that issue would be inevitable because causation is an element of negligence. The relitigating of causation, which Plaintiff has already failed to prove, is strictly prohibited by issue preclusion."

Rhoten timely appealed those rulings. Her motion to transfer the appeal directly to this court was denied.

Before the Court of Appeals, Rhoten made three arguments: (1) Pase and the City failed to comply with Supreme Court Rule 141 (2009 Kan. Ct. R. Annot. 225), which governs summary judgment

motions, and the district court prejudiced plaintiff by not treating the motions as ones for summary judgment; (2) the district court erred by following *Stanfield*; and (3) the district court erred in finding issue preclusion barred her claims.

In a published decision, the Court of Appeals affirmed the district court's dismissal of the claims against Pase and the City. *Rhoten v. Dickson*, 40 Kan. App. 2d 433, 192 P.3d 679 (2008). The court found there was substantial compliance with Rule 141 because the defendants' motions identified the federal district court's decision as the basis for applying res judicata and collateral estoppels as a bar to plaintiff's claims and attached to those motions a certified copy of that decision as well as Rhoten's federal civil complaint. 40 Kan. App. 2d at 439-40. The court further held any violations with Rule 141 in the initial motions to dismiss were cured by the district court's subsequent requirement that the parties file proposed findings and conclusions, which contained statements of fact in separately numbered paragraphs as required by the rule. 40 Kan. App. 2d at 440.

On the claim preclusion issue, the Court of Appeals stated it was duty bound to apply *Stanfield* unless this court had signaled a willingness to depart from it. 40 Kan. App. 2d at 441. Noting this court recently cited *Stanfield* in *State v. Flores*, 283 Kan. 380, 384, 153 P.3d 506 (2007), for the proposition that res judicata requires a prior final judgment on the merits, the Court of Appeals determined there was no intent to depart from this prior ruling. 40 Kan. App. 2d at 441. Accordingly, the court found *Stanfield* controlled the analysis, and then stated:

"To apply the ruling in *Stanfield* to this case, we must first decide if Rhoten's state lawsuit for negligence arises out of the same transaction as her lawsuit in federal court for § 1983 violation. Obviously, both of Rhoten's claims arose out of the traffic accident between Dickson and Conley and Lt. Pase's conduct in that accident. Further, similar to *Stanfield*, the facts necessary to prove Rhoten's federal and state law theories relate in time and origin. Also, Rhoten's statement of facts in her federal complaint and state petition discloses the witnesses and proof needed in both actions are identical. Thus, because Rhoten's state claim arose out of the same transaction as her federal lawsuit, we find that res judicata applies. The district court was correct." 40 Kan. App. 2d at 443-44.

On issue preclusion, the Court of Appeals affirmed only part of the district court's analysis. It agreed that issue preclusion barred Rhoten's negligence claims, but it held the district court erred in finding the negligence per se claims were barred under this doctrine. 40 Kan. App. 2d 445-46. It concluded the causation elements of Rhoten's negligence per se claims were not identical to the federal issue and were not reached by the federal court in its judgment in defendants' favor. In doing so, the Court of Appeals *sua sponte* cited to K.S.A. 8-1738(d) regarding a driver's duty to activate a siren when reasonably necessary to warn others of a public safety vehicle's approach. 40 Kan. App. 2d at 445-46. But Rhoten claimed Pase violated K.S.A. 8-1506, which requires drivers of authorized vehicles to activate the signal if violating enumerated traffic laws. The Court of Appeals did not address the statute cited by plaintiff.

Rhoten's appeal comes to this court on cross-petitions for review, which were each granted. Plaintiff asks us to reverse the Court of Appeals on the summary judgment question regarding compliance with Rule 141, its adherence to *Stanfield*, and its ruling regarding issue preclusion on plaintiff's negligence claim. Defendants seek to reverse the Court of Appeals on its *sua sponte* application of K.S.A. 8-1738(d) on the issue preclusion question.

It should be emphasized the issue preclusion question is a secondary matter in this case because the claim preclusion doctrine alone is sufficient to bar plaintiff from proceeding with her lawsuit against Pase and the City. Issue preclusion would impact the result only if we decide to depart from *Stanfield* and reach a different result on the claim preclusion issue. But as will be explained below, we find all of plaintiff's claims are barred by claim preclusion, and the state law negligence theories based on Pase's actions are barred also by issue preclusion.

### Compliance with Rule 141

First, Rhoten argues the district court was barred procedurally from considering defendants' motions to dismiss, or the City's alternative motion for summary judgment, because the motions failed to state the uncontroverted facts in separately numbered paragraphs as required by Rule 141. She cites *McCullough v. Beth-*

*any Med. Center*, 235 Kan. 732, 683 P.2d 1258 (1984), as controlling. Defendants argue Rule 141 does not apply because the district court granted a motion to dismiss, not summary judgment, and the Rule 141 requirements only apply to summary judgment motions. In the alternative, defendants claim they substantially complied with the rule. The interpretation of a Kansas Supreme Court rule is a question of law subject to unlimited review. *Gerhardt v. Harris*, 261 Kan. 1007, 1010, 934 P.2d 976 (1997).

Rule 141(a) states a motion for summary judgment shall not be heard or deemed finally submitted until the following requirements are satisfied:

"(a) The moving party has filed with the court and served on opposing counsel a memorandum or brief *setting forth concisely in separately numbered paragraphs the uncontroverted contentions of fact relied upon by said movant* (with precise references to pages, lines and/or paragraphs of transcripts, depositions, interrogatories, admissions, affidavits, exhibits, or other supporting documents contained in the court file and otherwise included in the record)." (Emphasis added.) 2009 Kan. Ct. R. Annot. 225-26.

Plaintiff is correct in noting *McCullough* found strict compliance with Rule 141 was required on a motion for summary judgment, but other decisions have not treated *McCullough* as controlling. See *Key v. Hein, Ebert and Weir, Chtd.*, 265 Kan. 124, 133, 960 P.2d 746 (1998) (holding failure to comply with Rule 141 was harmless error); *Calver v. Hinson*, 267 Kan. 369, 377-78, 982 P.2d 970 (1999) (distinguishing *McCullough* because the noncomplying motion for summary judgment was denied, thereby holding substantial compliance was enough); *Kelley v. Barnett*, 23 Kan. App. 2d 564, 566, 932 P.2d 471, *rev. denied* 262 Kan. 961 (1997) (holding "[s]ince the major dispute between the parties is a legal one rather than a factual one, we view this technical compliance [with Rule 141] as superfluous").

We believe we must examine two questions to resolve this issue: (1) whether the district court erred by characterizing these motions as motions to dismiss; and (2) whether there was compliance with Rule 141 if the motions properly should have been considered motions for summary judgment. A more detailed review of the record is required to address Rhoten's Rule 141 argument.

*Additional Facts*

Pase's motion to dismiss asserted the following as the statement of facts:

"1.   The petition herein was filed on September 28, 2006, and pertains to a motor vehicle accident which occurred on February 5, 2004.

"2.   Plaintiff filed a substantially similar pleading in federal district court on November 30, 2004, styled as *Danielle Rhoten and Xavier Rhoten (Deceased), by and through his Heir-at-Law, Danielle Rhoten v. Bruce Dickson IV; Frank Pase; and City of Topeka, Kansas, Case no. 04-4160.* (The Court may take judicial notice of this pleading, though a copy will be supplied to the Court.)

"3.   On August 30, 2006, Federal Senior District Judge Sam A. Crow, in Case No. 04-4160, entered judgment against plaintiff on plaintiff's claims under 42 U.S.C. § 1983, declined to exercise supplemental jurisdiction over the state law negligence and negligence per se claim asserted in plaintiff's petition herein. *Rhoten v. Dickson, et al.,* 2006 WL 2524157 (D. Kan. Aug. 30, 2006). (The Court may also take judicial notice of this decision . . . .)."

In the motion's analysis section, Pase argued Rhoten's claims were barred by the doctrines of claim and issue preclusion. He argued claim preclusion applied because the federal suit was composed of the same "claim," and the federal district court had granted summary judgment against Rhoten. Pase also argued issue preclusion applied because Rhoten had fully litigated the issue of causation, and the federal court held there was no evidence Pase caused Rhoten's injuries. These statements were not presented in separately numbered paragraphs.

The City's motion to dismiss or, alternatively, for summary judgment adopted the analysis from Pase's motion to dismiss. The City also attached a memorandum with the following statement of facts:

"1.   The court is requested to take judicial notice of Plaintiff's complaint and the allegations contained in it, filed in the federal court lawsuit case *of Danielle Rhoten and Xavier Rhoten (Deceased), by and through his Heir-at-Law, Danielle Rhoten v. Bruce Dickson IV; Frank Pase; and City of Topeka, Kansas,* Case No. 04-4160. . . .

"2.   The court is requested to take judicial notice of the federal court's Memorandum Decision and Order filed in the federal district court lawsuit of *Danielle Rhoten and Xavier Rhoten (Deceased), by and through his Heir-at-Law, Danielle Rhoten v. Bruce Dickson IV; Frank Pase; and City of Topeka, Kansas,* Case No. 04-4160 in the United States District Court for the District of Kansas. . . .

"3. The court is requested to take judicial notice of Judgment filed in the federal court lawsuit case of *Danielle Rhoten and Xavier Rhoten (Deceased), by and through his Heir-at-Law, Danielle Rhoten v. Bruce Dickson IV; Frank Pase; and City of Topeka, Kansas,* Case No. 04-4160 in the United States District Court for the District of Kansas."

Rhoten submitted one response to both motions. She objected to defendants' motions because, she argued, neither defendant complied with Rule 141. She asked the district court to strike the statement of facts due to the defendants' failure to make specific statements of uncontroverted fact supporting judgment. The district court ordered Rhoten, Pase, and the City to submit findings of fact and conclusions of law.

Both the City and Pase submitted statements of fact in separately numbered paragraphs detailing the federal district court's factual findings, the claims filed by Rhoten in both lawsuits, and the federal district court's decision. Rhoten did not renew her Rule 141 objection at oral argument on the defendants' motions. The district court did not address the Rule 141 objection because it granted defendants' motion to dismiss for failure to state a claim.

On appeal, Rhoten renewed her Rule 141 objection and argued the district court erred by granting the motions to dismiss because it considered matters outside the pleadings. Rhoten contends the defendants' pleadings should have been treated as summary judgment motions and that summary judgment was inappropriate because defendants failed to comply with the rule. The Court of Appeals implicitly agreed the defendants' pleadings more properly should have been treated as summary judgment motions, but found substantial compliance. 40 Kan. App. 2d at 439. The court went on to recognize Rule 141's purpose is to identify the facts that are or are not controverted and the evidence on which the parties are relying, and "[b]y identifying Rhoten's federal civil lawsuit and the federal district court's decision in their motions and further providing facts in separately numbered paragraphs in later documents which were filed before oral arguments, Pase and [the City] substantially complied with Rule 141." 40 Kan. App. 2d at 440.

*Discussion*

We agree with Rhoten that defendants should have styled their motions to dismiss as motions for summary judgment and complied with Rule 141. To do otherwise risks confusion among the litigants and the court and runs a substantial prejudicial risk to the fair presentation of the facts and law. The district court should have treated the pleadings as motions for summary judgment and insisted on compliance with the rule.

But we also agree with the Court of the Appeals that the error was insignificant in this particular context because it was very easy to determine what evidence Pase and the City relied upon. Whether issue or claim preclusion applies is a question of law and a minimal number of uncontroverted facts are required to determine these questions in this instance. The subsequent remedial measures employed by the district court to have the parties submit findings of fact and conclusions of law prior to oral argument sufficiently ameliorated the potential prejudice to avoid reversal now.

Under K.S.A. 60-212(b), a motion to dismiss for failure to state a claim is treated like a motion for a summary judgment if matters outside the pleadings are presented and not excluded by the court. Whether matters outside the pleadings were considered "must be decided from the allegations of the petition." *State ex rel. Slusher v. City of Leavenworth*, 279 Kan. 789, 790, 112 P.3d 131 (2005). Dismissal is only justified if the petition's allegations clearly demonstrate petitioners do not have a claim, after viewing all claims in the light most favorable to petitioner and resolving every doubt in their favor. 279 Kan. at 790.

In this case, Rhoten's petition on its face stated valid negligence and negligence per se claims. In order to address the claim and issue preclusion arguments, the district court had to consider the federal court decision when deciding those arguments. This is a matter outside the pleadings. Therefore, the motions to dismiss needed to be treated like summary judgment motions, and Rule 141 applied.

This court required strict compliance with Rule 141 in *McCullough*. In that case, the party moving for summary judgment

did not set forth any uncontroverted statements of facts in separately numbered paragraphs. 235 Kan. at 735. The non-moving party objected, and the district court held the movant had substantially complied with the rule. In a harsh rebuke of the moving party's failure to comply with Rule 141, the *McCullough* court made the following statement:

"Rule 141 is not just fluff—it means what it says and serves a necessary purpose. Contrary to the opinion of [movant's] counsel, a moving party's compliance with Rule 141(a) is even more crucial in complex cases than in simple ones. In accordance with the express language of the rule, the district court could not even hear the motion until the moving party was in compliance with the requirements of the rule. On this basis alone, the summary judgment . . . must be reversed." 235 Kan. at 736.

But reversal was required in *McCullough* because, as the court emphasized, "summary judgment was granted with no way to determine then or now what facts are or are not controverted or on what evidence the parties rely." 235 Kan. at 736. Four years after *McCullough* was decided, this court held the failure to comply with Rule 141's requirement that the moving party file a memorandum setting forth uncontroverted facts with references to the supporting documents contained in the record and court file was harmless error. *Key*, 265 Kan. at 130, 133. In *Key*, many of the facts cited by the moving party referred to a deposition that was not filed with the district court. 265 Kan. at 130-31. This court held the error was harmless because the district court did not rely on any of those facts. 265 Kan. at 133.

This court also has found the failure to comply with Rule 141 by providing extraneous facts in multiple summary judgment motions was not reversible error since the error did not infect the district court's analysis. In *City of Arkansas City v. Bruton*, 284 Kan. 815, 166 P.3d 922 (2007), the moving party submitted an amended motion for summary judgment and numerous statements of uncontested facts in response to the non-moving party's Rule 141 objection. 284 Kan. at 834. The Court of Appeals determined Rule 141 required a single memorandum by the movant with uncontroverted contentions of fact and said it was the better practice to disallow the shifting or refining of arguments before resolution

of summary judgment. 284 Kan. at 835. This court disagreed, focusing instead on whether the district court undertook the correct legal analysis and identified the facts necessary to resolve the motion. 284 Kan. at 837. The issue was different from the instant case because the moving party submitted extraneous uncontroverted facts as opposed to submitting insufficient findings. But the *Bruton* holding recognizes a Rule 141 violation should not be considered fatal if the party complies with the rule in subsequent filings before the district court renders judgment.

To summarize, Pase and the City were wrong to have filed their motions to dismiss when they relied on a federal court decision from an earlier litigation between the same parties. The district court was wrong to grant dismissal instead of summary judgment. But we find the district court's error harmless in this particular instance because the subsequent filings of findings of fact prior to oral arguments allowed for the proper presentation of the minimal number of uncontroverted facts required to establish defendants' entitlement to issue and claim preclusion. This minimum showing necessitated that Pase and City: (1) identify the federal district court decision; (2) demonstrate Rhoten's claims from both suits concerned the same accident; and (3) show the federal court's holding that Rhoten had not established causation on the federal claim and granted summary judgment. Pase and the City satisfied these requirements in their proposed findings of fact and conclusions of law. For these reasons, we affirm the district court and Court of Appeals on this issue.

### CLAIM PRECLUSION

Rhoten next argues the district court erred in finding the state law negligence claims were barred by claim preclusion, also termed res judicata. As mentioned briefly above, this argument was decided adversely to Rhoten's interest in *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 949 P.2d 602 (1997), *cert. denied* 525 U.S. 831 (1998). We accepted review of this case, in part, to re-examine that holding.

*Standard of Review*

Whether the claim preclusion doctrine applies is a question of law subject to unlimited review. *Stanfield,* 263 Kan. at 396. But this court must apply federal law since the issue is whether Rhoten's state law claims are precluded by a federal court decision. 263 Kan. at 396 (quoting *Heck v. Humphrey,* 512 U.S. 477, 488, 129 L. Ed. 2d 383, 114 S. Ct. 2364 [1994]) (holding " 'state courts are bound to apply federal rules in determining the preclusive effect of federal-court decisions on issues of federal law' "). This distinction, though, appears academic because this court previously recognized "Kansas law does not appear to differ significantly from the federal law regarding the preclusion doctrines." 263 Kan. at 396.

Under federal law, the claim preclusion doctrine prevents a party from relitigating a claim that was, or could have been, the subject of a previously issued final judgment. *Mactec, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005), *cert. denied* 547 U.S. 1040 (2006). Claim preclusion applies if the following three elements exist: (1) There is a final judgment on the merits in an earlier action; (2) the same parties are involved in the two suits; and (3) there is the same cause of action in both suits. 427 F.3d at 831. The majority of federal courts, including the United States Supreme Court and the Tenth Circuit, recognize an exception if the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit. Although some courts treat this exception as a fourth element, the Tenth Circuit agrees it is an exception that only needs to be addressed in limited circumstances. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 n.4 (10th Cir. 1999).

*The Stanfield Decision*

Review of Rhoten's state court litigation necessarily requires us to discuss and re-examine *Stanfield* because that case addressed the same issue. In *Stanfield,* the plaintiff first filed an action in federal district court invoking both federal questions and supplemental jurisdiction. Plaintiff alleged two federal trademark claims under the Lanham Act and state law claims for slander, disparagement, and misappropriation of plaintiff's name. 263 Kan. at 391-

92. Defendants filed for summary judgment, which was granted on the federal law claims only. 263 Kan. at 393. The federal district court then declined supplemental jurisdiction over the state law claims, which was affirmed by the Tenth Circuit on appeal. 263 Kan. at 394. Plaintiff then filed the same state law claims in state court. Defendants moved again for summary judgment, asserting the issue preclusion doctrine as a bar to further proceedings. The district court found both issue and claim preclusion applicable. 263 Kan. at 395. On appeal, this court declined to address whether issue preclusion applied after determining plaintiff's claims were barred by claim preclusion.

The *Stanfield* court held the so-called "transactional approach" was the test used to define what claims were precluded by the doctrine. Under this approach, a claim is defined as a natural grouping or common nucleus of operative facts. 263 Kan. at 401. Then, the court held the federal claims dismissed on summary judgment arose from the same nucleus of operative facts as the state law claims because the facts were identical in time and origin and required the same witnesses and proof. On this basis, the court held both the state law and federal law theories comprised the same claim, and plaintiff was precluded from relitigating the state law claims. 263 Kan. at 402.

Next, the *Stanfield* court addressed whether an exception should be created because the federal district court declined to exercise supplemental jurisdiction. This court held claim preclusion applies even though the federal court declines to exercise supplemental jurisdiction, explaining:

"Claim preclusion prohibits a party from asserting in a second lawsuit any matter that might have been asserted in the first lawsuit. [Citation omitted.] Thus, a legal theory does not even need to be raised in the first action, more or less considered by the court, in order for it to be precluded in a later action under the claim preclusion doctrine, if it arose out of the same claim or factual transaction which the first action determined. [Citation omitted.] The fact that the federal court did not consider the plaintiff's state law theories does not prevent claim preclusion from applying to the theories, since the theories arose out of the same claim or factual transaction which the federal court did determine." 263 Kan. at 404.

Rhoten makes the following arguments to challenge the application of claim preclusion in her case: (1) The federal district court's orders were a not final judgment; (2) the state law negligence theories do not arise from the same claim or common nucleus of operative facts as the federal due process claim; (3) she did not have an opportunity to fully and fairly litigate the state law claims; and (4) *Stanfield* should be overruled.

In deciding Rhoten's case, the district court and the Court of Appeals relied upon *Stanfield*, and it controls several issues. But the *Stanfield* court did not discuss the exception recognized by the Tenth Circuit when a party did not have an opportunity to fully and fairly litigate its claims. We will need to address that point when deciding Rhoten's third argument, as well as deciding whether *Stanfield* remains consistent with federal law in deciding her other contentions.

*Is the federal district court's order a final judgment on the merits?*

Rhoten argues her state law negligence claims were not addressed on the merits and did not reach final judgment. She argues *Stanfield* erroneously interprets federal law because federal courts do not treat a dismissal on jurisdictional grounds as reaching final judgment. Pase and the City argue Rhoten's federal suit proceeded to final judgment on the merits because the federal court granted summary judgment on Rhoten's federal claims. They argue *Stanfield* correctly applied federal law and should be upheld.

The Court of Appeals declined to address whether summary judgment was a final judgment on the merits. Instead, it dismissed the issue, noting the federal district court's decision was affirmed later on appeal. 40 Kan. App. 2d at 440-41. In this respect, the Court of Appeals erred by implying the federal district court's decision was not final for purposes of res judicata while Rhoten's federal appeal was pending. Both federal and Kansas courts have held a pending appeal does not suspend the finality of the lower court's judgment for claim preclusion purposes. *Roberts v. Anderson*, 66 F.2d 874, 875-76 (10th Cir. 1933) (citing *Deposit Bank v. Frankfort*, 191 U.S. 499, 48 L. Ed. 276, 24 S. Ct. 154 [1903]);

*Willard v. Ostrander*, 51 Kan. 481, 489-90, 32 P. 1092 (1893) (holding a lower court's judgment remains in full force pending appeal for the purposes of res judicata even though this may "work great hardship in some cases").

The *Stanfield* court held "[f]ederal courts treat a summary judgment as a judgment on the merits." 263 Kan. at 400. While the Tenth Circuit does not appear to have directly addressed this issue under federal law, other federal circuits have held summary judgment is a final judgment on the merits for purposes of establishing claim preclusion. See *Maher v. GSI Lumonics, Inc.*, 433 F. 3d 123, 127 (1st Cir. 2005) (summary judgment is a traditional basis supporting claim preclusion in the second suit); *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000) (claim preclusion arises from summary judgment); *King v. Hoover Group, Inc.*, 958 F.2d 219, 222 (8th Cir. 1992) (summary judgment constitutes final judgment on the merits). In this respect, *Stanfield* remains consistent with federal law, and the federal district court's summary judgment order should be treated as a final judgment for claim preclusion purposes.

*Is the state lawsuit based upon the same claim as the federal suit?*

Rhoten argues the state law negligence theories do not comprise the same claim as the federal due process theories. She also argues *Stanfield* was wrong when it determined a legal theory does not need to be determined by a prior court to be precluded in a later action arising out of the same claim. In other words, Rhoten argues the federal district court had to address her negligence claims before they could be precluded. Defendants argue the state law and federal law claims compose the same claim because they are based upon the same series of factual transactions. The state district court and Court of Appeals agreed with defendants, and so do we.

*Stanfield* held federal law determines whether Rhoten's legal theories comprise a single claim. 263 Kan. at 396. In 1988, the Tenth Circuit adopted the transactional approach from the Restatement (Second) of Judgments to determine whether separate legal theories constitute the same claim for claim preclusion pur-

poses. *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988); Restatement (Second) of Judgments § 24 (1980). This approach was most recently employed in 2006, and there is no evidence the Tenth Circuit is moving away from it. *Hatch v. Boulder Town Council*, 471 F.3d 1142 (10th Cir. 2006).

The transactional approach focuses on the facts underlying the separate legal theories, and a " 'claim arising from the same "transaction or series of connected transactions" as a previous suit, which concluded in a valid and final judgment, will be precluded.' " *Hatch*, 471 F.3d at 1149 (quoting Restatement [Second] of Judgments § 24). To determine whether separate legal theories comprise the same transaction or series of transactions, courts examine whether the facts are related in time, space, origin, or motivation and whether they would form a convenient trial unit. 471 F.3d at 1149. We find the *Stanfield* court correctly applied the transactional approach and that this approach remains an accurate reflection of federal law.

In Rhoten's case, all theories arise from the traffic accident and the parties' conduct leading up to the accident. The federal and state law theories relate in time and origin. The same witnesses and proof are required for both claims, and they form a convenient trial unit. The district court and Court of Appeals were correct in finding Rhoten's federal claims comprise the same series of transactions as her state negligence claims.

*Were the state law claims fully and fairly litigated?*

Rhoten argues next that "[i]n filing this present action, plaintiff was only attempting to have the claims which were not fully and fairly litigated to final judgment in the federal action addressed by a court with jurisdiction." We take this to mean Rhoten is seeking to invoke the federal court's exception to the claim preclusion doctrine.

Under this exception, preclusion may be avoided if a party did not have an opportunity to fully and fairly litigate the claim. *Mactec*, 427 F.3d at 831. When determining whether a claim was fully and fairly litigated, federal courts consider the following factors: (1)

whether there were significant procedural limitations in the prior proceeding; (2) whether the party had the incentive to fully litigate the issue; and (3) whether effective litigation was limited by the parties' nature or relationship. *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006). None of these factors weigh in Rhoten's favor.

We find no procedural limitations in the federal court proceedings. The state district court ruling held the federal court "carefully considered all of the evidence regarding Pase's actions and inactions." The federal district court's opinion reinforces this conclusion by noting the extensive discovery conducted before the defendants filed their summary judgment motions. The parties took depositions that were submitted to the federal court in support of arguments for and against summary judgment and stipulated to the admission of several documents. It is apparent the parties fully briefed the issues. Rhoten does not claim otherwise. In addition, Rhoten filed a motion for clarification after the federal court granted summary judgment, which the court treated as a motion for reconsideration and then denied. *Rhoten v. Dickson*, 2006 WL 2949530, at *3 (D. Kan. 2006) (unpublished opinion). Those decisions were appealed to the Tenth Circuit, which affirmed. *Rhoten v. Pase*, 2007 WL 3088226, at *5 (10th Cir. 2007) (unpublished opinion).

As to the remaining matters, Rhoten had the incentive to fully litigate the federal claim because the existing law regarding claim preclusion would have barred the same theory underlying the state law claims. Finally, there is no reason to believe the parties' relationship had any undermining effect on the federal litigation. As such, we find Rhoten's federal theories were fully and fairly litigated, and the exception recognized under federal law does not apply.

### *Should* Stanfield *be overruled?*

The remaining issue is whether this court should overturn the *Stanfield* court's decision not to create an exception for claims that were dismissed without prejudice. The essence of Rhoten's claim in this regard is that it seems unjust that claim preclusion prevents

a party from bringing a state law claim in state court. To be sure, this outcome does seem counterintuitive, but this court recognized long ago that preclusion doctrines sometimes present difficult questions. See *Willard v. Ostrander*, 51 Kan. at 488.

The *Stanfield* court clearly considered this difficulty and determined the claim preclusion doctrine should apply when the elements of claim preclusion are satisfied, even though a claim was dismissed without prejudice. *Stanfield*, 263 Kan. at 404. This holding continues to comport with federal law, and we find no reason to overrule the decision.

The doctrine of stare decisis holds that " 'once a point of law has been established by a court, that point of law will generally be followed by the same court and all courts of lower rank in subsequent cases where the same legal issue is raised.' " *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 715, 89 P.3d 573 (2004) (quoting *Samsel v. Wheeler Transport Services, Inc.* 246 Kan. 336, 356, 789 P.2d 541 [1990], *overruled on other grounds Bair v. Peck*, 248 Kan. 824, 844, 811 P.2d 1176 [1991]). A court of last resort will follow the rule of law it established in its earlier cases unless clearly convinced the rule was originally erroneous or is no longer sound because of changing conditions and more good than harm will come by departing from precedent. *Crist*, 277 Kan. at 715. The doctrine is designed to " 'promote system-wide stability and continuity by ensuring the survival of decisions that have been previously approved by a court.' " 277 Kan. at 715. While this court is not inexorably bound by its own precedent, it will follow the law of earlier cases unless " 'clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent.' " 277 Kan. at 715.

Based on the *Stanfield* decision's continuing strength, we affirm the district court and the Court of Appeals' decisions that claim preclusion barred Rhoten from renewing her state law claims in state court after they were dismissed without prejudice in federal court. This holding is determinative of this case, but we also address the issue preclusion arguments for the reasons stated below.

## Issue Preclusion

As mentioned above, Rhoten brought state law negligence and negligence per se claims. Both claims were premised upon two theories of liability: (1) Pase's actions, *i.e.*, speeding while following Dickson, and (2) Pase's inactions, *i.e.*, failure to activate the vehicle's lights and siren. Failing to distinguish between these theories of liability, the Court of Appeals affirmed the district court's order applying issue preclusion to Rhoten's negligence claims, but it held the causation elements were not identical to the negligence per se claims. It arrived at this conclusion by analyzing the issue under K.S.A. 8-1738(d), even though Rhoten brought her negligence per se claims under K.S.A. 8-1506. Therefore, it held Rhoten's negligence per se claims were not barred by issue preclusion. *Rhoten,* 40 Kan. App. 2d at 445-46.

Both parties seek review of this determination. Rhoten argues the Court of Appeals erred by applying issue preclusion to the negligence claims, while Pase and the City object to the Court of Appeals reaching beyond the allegations in Rhoten's petition to deny issue preclusion on the negligence per se claims based upon K.S.A. 8-1738(d). The dispute is academic because claim preclusion, as described above, operates to stop the litigation against these defendants dead in its tracks regardless of the issue preclusion analysis. But we discuss it here because the Court of Appeals reviewed the issue, and both parties challenge the result.

### Standard of Review

As with claim preclusion, this court reviews issue preclusion de novo. *Stanfield,* 263 Kan. at 396. Federal law controls because this court is examining the preclusive effects from a federal court judgment. 263 Kan. at 396.

According to the Tenth Circuit, the four elements required to establish issue preclusion are whether: (1) the previously decided issue is identical to the one presented in the current action; (2) the previous action reached final judgment; (3) the party against which the doctrine is invoked was a party or in privity with a party from the prior adjudication; and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the

prior action. *Burrel,* 456 F.3d at 1172 (citing *Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 [10th Cir. 2000]). Unlike claim preclusion, the "full and fair opportunity to litigate" question is treated as an element in the analysis, rather than as an exception.

As discussed above regarding claim preclusion, the federal district court's summary judgment order was a final judgment, the parties are identical, and Rhoten had the opportunity to fully and fairly litigate her federal liability theories. So this court's review is focused on the first element—whether the causation elements in Rhoten's federal claims are identical with her state law negligence and negligence per se claims. We discuss negligence and negligence per se separately because the elements differ.

*Negligence*

Rhoten argues the Court of Appeals erred in finding her negligence claim was barred by issue preclusion, claiming the issues of fact required to prove a substantive due process claim under 42 U.S.C. § 1983 (2000) are not identical to the factual issues in her negligence claim. She contends the due process claim requires her to show intent, which is not required to prove negligence. Pase and the City counter by arguing both the federal and state law liability theories employ the same "substantial factor" test to determine causation. Both the state district court and Court of Appeals assumed the causation elements were identical and failed to provide any analysis on this issue. But the Tenth Circuit employs distinct tests to determine causation for acts or omissions in a § 1983 substantive due process claim, so Rhoten's two negligence theories must be examined separately.

*Pase's Actions*

The federal district court employed the substantial factor test when analyzing whether there was a material question of fact as to causation on Rhoten's federal claim. Kansas employs a different test with a higher burden of proof. In Kansas, an injured party's right to recover is limited to when the injury is a direct and proximate result of a defendant's negligence. *Deal v. Bowman,* 286 Kan. 853, 859, 188 P.3d 941 (2008). Proximate cause is cause "which in

natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred, the injury being the natural and probable consequences of the wrongful act." *Yount v. Deibert*, 282 Kan. 619, 624-25, 147 P.3d 1065 (2006). To satisfy the plaintiff's burden of proof on the causation element, the plaintiff must produce evidence that " 'affords a reasonable basis for the conclusion that it is *more likely than not* that the conduct of the defendant was a cause in fact of the result.' " 282 Kan. at 628 (quoting Prosser & Keeton on Torts § 41, pp. 269-70 [5th ed. 1984]).

Pase and the City erroneously argue Kansas employs the substantial factor test used by the Tenth Circuit, relying primarily on a decision by this court, *Roberson v. Counselman*, 235 Kan. 1006, 686 P.2d 149 (1984). *Roberson* is a medical malpractice loss of chance to survive case that applied the substantial factor test for causation. 235 Kan. at 1021. But this court later clarified that the substantial factor test only applies to loss of chance cases. *Delaney v. Cade*, 255 Kan. 199, 211, 873 P.2d 175 (1994).

In *Delaney*, this court held "[t]he loss of a chance cause of action, although grounded in negligence, relies upon a lesser or reduced standard of causation than the traditional standard applied in negligence cases." 255 Kan. 199, Syl. ¶ 3. The substantial factor test was adopted in loss of chance cases to allow plaintiffs who have less than a 50 percent chance of survival to bring a medical malpractice action. *Roberson*, 235 Kan. at 1021. Under the "more likely than not" standard, plaintiffs with less than a 50 percent chance of survival could not bring a negligence claim for even the grossest forms of malpractice. 235 Kan. at 1021.

Since Rhoten could not satisfy the lower burden of proof in the federal action, the district court properly held that issue preclusion applied to bar her negligence claims based on Pase's actions.

### Pase's Inactions

State negligence law does not impose a different causation standard if the breach was caused by an act or omission, but federal due process law requires an additional showing. Generally, federal liability does not attach if state actors do nothing when suspicious

circumstances require action unless the state actor recklessly created the danger through some affirmative conduct on the state's part that placed plaintiff in danger. This is called the "danger creation" theory. *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1279-80 (10th Cir. 2003).

The federal district court relied upon Rhoten's failure to establish that Pase created the danger when granting summary judgment under the omission theory of liability. It held there was no § 1983 liability, reasoning that Pase did not change the status quo or place Rhoten in a worse position by following Dickson. But this additional showing is not required under Kansas negligence law, and the issue decided by the federal district is not identical to the causation analysis in Kansas.

Since Rhoten's omission theory was rejected by the federal district court based upon the failure to establish Pase created the danger, it did not decide whether Pase's failure to activate his lights and sirens caused Rhoten's injury. Therefore, issue preclusion would not bar Rhoten's negligence claim.

*Negligence Per Se*

Rhoten's petition in state court alleged Pase violated K.S.A. 8-1506. She did not assert any other statutory violations. The state district court did not specifically address Rhoten's negligence per se claim. The Court of Appeals analyzed the claim under K.S.A. 8-1738(d), which is a different statute than the one referenced by plaintiff in the petition. Based on that statute, the Court of Appeals found the negligence per se theory was not precluded. *Rhoten*, 40 Kan. App. 2d at 445-46. Pase and the City filed a cross-petition for review arguing the Court of Appeals erred by citing the wrong statute and in finding the causation elements are not identical.

*Did the Court of Appeals examine the wrong statute?*

Rhoten asserted her negligence per se claim under K.S.A. 8-1506. It permits the driver of an authorized emergency vehicle to disregard certain enumerated traffic laws when pursuing an actual or suspected criminal, if the driver activates the vehicle's lights and siren. It states:

"(a) The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions herein stated.

"(b) The driver of an authorized emergency vehicle may:

. . . .

"(3) Exceed the maximum speed limits so long as such driver does not endanger life or property;

. . . .

"(c) The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal meeting the requirements of K.S.A. 8-1738 and visual signals meeting the requirements of K.S.A. 8-1720 . . . ." K.S.A. 8-1506.

Without explanation, the Court of Appeals treated Rhoten's claim as if she alleged a violation of K.S.A. 8-1738(d), which states:

"(d) Every authorized emergency vehicle shall be equipped with a siren . . . but such siren shall not be used except when such vehicle is operated in response to an emergency call or in the immediate pursuit of an actual or suspected violator of the law, in which said latter events the driver of such vehicle *shall sound said siren when reasonably necessary to warn pedestrians and other drivers of the approach thereof.*" (Emphasis added.)

The statutes are not identical, even though K.S.A. 8-1738(d) is referenced in K.S.A. 8-1506 and both statutes impose a requirement upon drivers of authorized vehicles to activate their sirens. In K.S.A. 8-1506, the statute referenced by Rhoten, the emergency vehicle driver is required to activate the signal if violating the enumerated traffic laws. In K.S.A. 8-1738, the driver is required to activate the siren when reasonably necessary to warn others of the vehicle's approach.

Appellate courts do not ordinarily consider issues the parties failed to raise unless an issue's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Adams*, 283 Kan. 365, 367, 153 P.3d 512 (2007). No such circumstances are presented in this case, and Rhoten makes no claim that there was such justification for the Court of Appeals to analyze her claim under a different statutory basis than the one she asserted in her petition. The Court of Appeals erred and should have considered Rhoten's claim under K.S.A. 8-1506.

*Is causation identical between the federal and state law claims?*

To establish negligence per se, a plaintiff must show (1) the defendant violated a statute; (2) the violation caused plaintiff's damages; and (3) the legislature intended to create an individual right of action arising from the violation. *Pullen v. West*, 278 Kan. 183, Syl. ¶ 3, 92 P.3d 584 (2004).

Rhoten argues K.S.A. 8-1506 imposed a duty on Pase to "activate his lights and siren when driving in violation of traffic laws." She argues Pase violated this duty when he "drove at speeds in excess of 65 miles per hour on icy roads while pursuing Dickson."

Applying this theory to the elements of negligence per se, Rhoten would have to establish Pase violated K.S.A. 8-1506 by failing to activate his lights and siren while speeding and his failure to activate his lights caused Rhoten's injuries. Causation under this theory is identical to causation under her second negligence claim because they both require a showing that Pase's inactions, or failure to activate his lights or siren, caused her injuries. The same analysis recited above applies here. Since the federal district court did not determine this issue, but instead analyzed the § 1983 claim under a danger creation theory, issue preclusion does not bar this theory of recovery.

But since Rhoten's claims are barred completely under the claim preclusion doctrine, we do not reverse because the state district court and Court of Appeals erred in their issue preclusion analysis.

The judgments of the district court and the Court of Appeals are affirmed.

ROSEN, J., not participating.

ELLIOTT, J., assigned.