NOT DESIGNATED FOR PUBLICATION

No. 121,852

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYRA WILLIAMS, Individually and as Co-Special Administrator of the Estate of KAREN
JACKSON, Deceased, SHANTA DAY and ERNEST DAY,
*Appellants*,

v.

CITY OF WICHITA, KANSAS, CITY OF WICHITA POLICE DEPARTMENT OFFICERS
ELIZABETH MARTIN and BRYAN KNOWLES,
*Appellees*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed April 23, 2021.
Affirmed.

*Christopher A. McElgunn*, of Klenda Austerman LLC, of Wichita, for appellants.

*Samuel A. Green*, and *J. Steven Pigg*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for
appellees.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: This wrongful death action arises out of an incident in which two
Wichita Police Officers fatally shot Karen Jackson after responding to a 911 call. In
2013, a related action was filed in the Sedgwick County District Court in which it was
alleged that the City of Wichita and the officers violated the decedent's federal civil rights
by using excessive force. In addition, the petition asserted several state law tort claims. In
response, the defendants removed the case to the United States District Court for the
District of Kansas.

1

On January 11, 2017, the United States District Court granted summary judgment in favor of the defendants. In doing so, it dismissed all of the federal claims asserted by the plaintiffs with prejudice. The federal court also declined to exercise supplemental jurisdiction over the plaintiffs' state claims and dismissed them without prejudice. See *Jackson v. City of Wichita*, No. 13-CV-1376-KHV, 2017 WL 106838 (D. Kan. 2017) (unpublished opinion).

Subsequently, Jackson's children filed a second lawsuit in the Sedgwick County District Court in which the state law claims were reasserted against the defendants. On August 23, 2019, the district court entered a memorandum decision and order granting summary judgment to the defendants. In reaching this decision, the district court relied upon the Kansas Supreme Court's decisions in *Rhoten v. Dickson*, 290 Kan. 92, 223 P.3d 786 (2010), and *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 949 P.2d 602 (1997), *cert. denied* 525 U.S. 831 (1998). Specifically, the district court concluded that "the issue of claim preclusion (*res judicata*) alone is sufficient for the Court to rule in Defendant's favor and grant their motion."

On appeal, the parties candidly recognize that the holdings in *Stanfield* and *Rhoten* are precedential and, as such, are binding on this court as well as on the district court in the absence of an indication that our Supreme Court is departing from its previous position. See *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 168, 298 P.3d 1120 (2013). In particular, the parties recognize that these cases stand for the proposition that claim preclusion (res judicata) requires dismissal of state law claims that were previously asserted in—and dismissed without prejudice by—a federal court. This is true even though the federal court never addressed the merits of the state law claims. See *Rhoten*, 290 Kan. at 112.

In *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 261 P.3d 943 (2011), a panel of this court discussed the rule of law established in *Stanfield* and reiterated in *Rhoten*:

"[T]he Kansas Supreme Court redefined res judicata in a unique and narrow way. Those two decisions hold that res judicata bars a state court action reasserting state claims a federal court has dismissed without prejudice and solely for lack of jurisdiction under 28 U.S.C. § 1367. Even though the federal court never ruled on the merits of the state law claims in that circumstance, the court's dismissal of the federal claims on the merits, thereby removing the basis for federal jurisdiction, is sufficient to prevent any later consideration of the state claims in state court. Those decisions do not mention *Jackson Trak's* [*Jackson Trak Group v. Mid States Port Authority*, 242 Kan. 683, 691, 751 P.2d 122 (1988)] contrary determination of the issue or purport to overrule it. Nor do they discuss the more conventional treatment of res judicata we have outlined that would allow refiling of state claims dismissed in federal court for want of jurisdiction.

"Nonetheless, *Stanfield* and *Rhoten* do define the contemporary application of res judicata in Kansas. That definition, however, appears to enlist no other adherents. Comment, *Kansas' Rationale Is Dust In The Wind,* 50 Washburn L.J. 511 (2011) (A detailed analysis of current Kansas res judicata doctrine cites substantial contrary case authority from other jurisdictions but identifies no other jurisdiction recognizing a rule comparable to that set forth in *Stanfield* and *Rhoten*.). And it has the effect of depriving a plaintiff bringing state and federal claims in a federal court action of any forum to adjudicate the state claims if the federal court declines to retain supplemental jurisdiction over them after dismissing only the federal claims on the merits." 46 Kan. App. 2d at 261.

More recently, a panel of this court again acknowledged the controlling precedent in *Herington v. City of Wichita*, 59 Kan. App. 2d 91, 92-93, 479 P.3d 482 (2020), *rev. granted* on March 25, 2021. As the panel explained:

"The *Stanfield* formulation of res judicata appears to be unique to Kansas and effectively deprives Herington of a hearing on the merits of the state law claims she has

3

pursued from the beginning of her legal battle merely because the federal court declined to consider them at all. Conventional res judicata principles would have permitted Herington to go forward with those claims in this case, since the federal court dismissed them without adjudicating their merits. See *Jackson Trak Group v. Mid States Port Authority*, 242 Kan. 683, 690-91, 751 P.2d 122 (1988); 18 *Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction* 3d § 4402 (2020). Neither we nor the district court can pick and choose what rule of res judicata to apply. The district court properly applied *Stanfield* and *Rhoten* in entering judgment for the defendants based on res judicata."

We note that Judge Atcheson filed a concurring opinion in *Herington* in which he encourages the Kansas Supreme Court to reexamine its holdings in *Stanfield* and *Rhoten*. Nevertheless, in his concurrence, he recognizes that neither *Cain v. Jacox*, 302 Kan. 431, Syl. ¶ 3, 354 P.3d 1196 (2015), nor any other decision from our Supreme Court signals a retreat from the holdings of *Stanfield* and *Rhoten*. *Herington*, 59 Kan. App. 2d at 112-13 (Atcheson, concurring). Like the panel in *Herington*, we are also obligated to decide this appeal in conformity with the binding precedent set forth in those decisions.

Finally, we note that the defendants provide several alternative reasons why summary judgment was proper. The district court did not address these alternative reasons and based its decision solely on the res judicata issue. Because we affirm the district court based on the holdings in *Stanfield* and *Rhoten*, it is not necessary for us to address these issues.

Affirmed.