NOT DESIGNATED FOR PUBLICATION

No. 123,997

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEREK O. CID,
*Appellant/Cross-appellee*,

v.

DENNIS P. BUTLER, as Director of the Riley County Police Department,
and RILEY COUNTY LAW ENFORCEMENT AGENCY BOARD,
*Appellees/Cross-appellants*.

MEMORANDUM OPINION

Appeal from Riley District Court; KENDRA LEWISON, judge. Opinion filed September 9, 2022.
Affirmed in part, reversed in part, and remanded with directions.

*Theodore J. Lickteig*, of Lickteig Law Firm, LLC, of Lenexa, for appellant/cross-appellee.

*David R. Cooper*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, for appellees/cross-appellants.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Derek O. Cid sought damages from Dennis P. Butler, as the
Director of the Riley County Policy Department (the "RCPD"), and the Riley County
Law Enforcement Agency Board (the "Law Board") for wrongful termination of
employment, but the district court dismissed his claims, finding them barred by the

1

doctrine of res judicata. Cid appeals, arguing that the Kansas Supreme Court's decision in *Herington v. City of Wichita*, 314 Kan. 447, 500 P.3d 1168 (2021)—decided during the pendency of his direct appeal—requires this court to reverse the district court's dismissal. The Appellees cross-appealed, arguing that the district court erred in finding Cid's petition was timely commenced against the Law Board. The district court correctly found Cid's petition was timely commenced, but incorrectly dismissed Cid's claims based on res judicata. This court affirms in part, reverses in part, and remands with directions.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this case are primarily procedural, and this court will not dwell on the underlying facts of Cid's wrongful discharge claim. Cid began working for the RCPD in January 2012 as a law enforcement officer and after some internal disputes, he resigned on July 28, 2016. Cid claims his resignation amounted to constructive discharge in retaliation for his failure to enforce a policy that he believed violated the law. On February 23, 2018, Cid filed a federal lawsuit in the United States District Court for the District of Kansas against the RCPD, the Law Board, the Riley County Board of Commissioners, and various individuals involved in his alleged constructive discharge. Cid asserted two federal law claims under 42 U.S.C § 1983 and one Kansas state law claim of retaliatory discharge. The defendants filed a motion to dismiss, which the federal district court granted in part on January 9, 2019. It dismissed Cid's federal law claims for failure to state a claim for relief, but declined to exercise supplemental jurisdiction over Cid's state law claim and dismissed it without prejudice.

On July 3, 2019, Cid filed a state law claim in Riley County District Court, which is the subject of this appeal. Cid's state claim named the Director of the RCPD—Dennis P. Butler, and the Law Board as defendants. The defendants filed a motion to dismiss and for judgment on the pleadings. The defendants asserted two arguments supporting their

2

motion: (1) Cid's petition should be dismissed for failure to state a claim upon which relief could be granted and it was barred by res judicata; and (2) Cid's petition was untimely served on the Law Board. In opposing the motion, Cid argued that res judicata did not bar his claims and asked the court to either find that his service on the Law Board was timely or to allow him the opportunity to cure the invalid service.

After a hearing on the defendants' motion, the district court found that Cid made purported service on the Law Board, entitling him to cure his prior invalid service pursuant to K.S.A. 2019 Supp. 60-203(b). It further found that Cid did not need additional time to cure his service on the Law Board because he had already done so by serving the Law Board's Secretary, Barry Wilkerson, on October 29, 2019. The district court denied the defendants' statute of limitations argument as to the Law Board but ultimately granted defendants' motion to dismiss, finding that Cid's claim was barred by res judicata. Cid appealed, and the defendants cross-appealed.

DISCUSSION

Cid claims that the district court's res judicata ruling must now be reversed based on new precedent from the Kansas Supreme Court. The Appellees do not address this new precedent but argue instead that the federal judgment precludes the state claims, and that Cid's claims are also barred by the running of the statute of limitations.

I.      *Res Judicata does not bar Cid's state law claims based on dismissal of his federal law claims.*

Whether the doctrine of res judicata precludes a claim is a question of law of over which this court exercises unlimited review. Res judicata bars a successive, or second bite at the apple when the successive suit involves: (1) the same claim; (2) the same parties; (3) a claim that could have been raised in the previous suit; and when (4) the

3

claim received a final judgment on the merits in the previous suit. See *Cain v. Jacox*, 302 Kan. 431, 433, 354 P.3d 1196 (2015). Here, Cid originally pursued his claims in federal district court, but that court dismissed his federal claims for failure to state a claim upon which relief could be granted, and then declined to exercise supplemental jurisdiction over Cid's state law claims and dismissed those without prejudice. After that dismissal, Cid proceeded with his state law claims in state court, but the district court found that res judicata barred Cid's state law claims, citing *Rhoten* and *Stanfield*, because the federal court had declined to exercise supplemental jurisdiction and dismissed them in a prior action. See *Rhoten v. Dickson*, 290 Kan. 92, 923 P.3d 786 (2010); *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 949 P.2d 602 (1997).

In December 2021, the Kansas Supreme Court issued its opinion in *Herington*, 314 Kan. 447, overruling *Rhoten* and *Stanfield*. As in this case, the petitioner in *Herington* first filed suit in federal district court alleging federal civil rights violations and several state law tort claims. The federal district court granted summary judgment in favor of the defendants as to Herington's federal claims, and declined to exercise supplemental jurisdiction over her state law claims and dismissed them without prejudice. Herington then refiled her state law claims in Sedgwick County District Court. Relying on the principles outlined in *Rhoten* and *Stanfield*, the district court found that Herington's state law claims were barred by res judicata, and a panel of this court affirmed the district court's findings. Herington sought review from the Kansas Supreme Court, asking it to reconsider its decisions in *Rhoten* and *Stanfield*. *Herington*, 314 Kan. at 448-49.

The *Herington* court started its res judicata analysis with a choice of law discussion—and held that

> "[w]here, as here, a federal court declines to exercise supplemental jurisdiction over state
> law claims and dismisses those claims without prejudice, we hold there has been no final

judgment on those state law claims, and the Kansas common law doctrine of res judicata does not preclude a litigant from bringing those claims in state court." 314 Kan. at 464.

The court noted that to the extent the holding was inconsistent with *Rhoten* and *Stanfield*—which both held that federal preclusion law governs such situations—those decisions were overruled. 314 Kan. at 457.

In *Herington*, the court clearly overruled existing precedent and this court must determine if the change in law applies to Cid's claims. As noted above, the Kansas Supreme Court filed *Herington* on December 17, 2021. The court issued the mandate for *Herington* on January 14, 2022. Parties "will receive the benefit of any change in the law that occurs while [their] direct appeal is pending." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Cid's appeal was pending when the court decided *Herington*; thus, Cid is entitled to the benefit of *Herington* on appeal.

Similar to the plaintiff in *Herington*, Cid initially filed a federal suit asserting federal and state law claims but the federal district court declined to exercise supplemental jurisdiction over Cid's state law claim and dismissed it without prejudice. Under *Herington*—the now controlling res judicata precedent in Kansas—Cid did not receive a final judgment on his state law claim and the four unities are not present. See 314 Kan. at 464; *Cain*, 302 Kan. at 434. Cid's state law claim is not barred by res judicata.

II.      *The district court correctly applied K.S.A. 60-203(b) to find Cid timely commenced his action against the Law Board*.

In Appellees' cross-appeal, they argue that the district court erred by finding that Cid made purported service on the Law Board such that he was entitled to cure his prior

5

invalid service under K.S.A. 2019 Supp. 60-203(b), but they do not argue Cid's claim as to Butler was untimely.

The time line of events is essential to this court's review, and the parties agree to the following sequence:

- July 28, 2016:  Cid resigned from the RCPD;
- February 23, 2018:  Cid filed suit in federal district court alleging state and federal law claims;
- January 9, 2019:  The federal district court dismissed Cid's federal law claims for failure to state a claim, and declined to exercise jurisdiction over the state law claims and dismissed them without prejudice;
- July 3, 2019:  Cid filed suit in state court asserting his state law claims—the subject of this appeal;
- August 29, 2019:  Cid served Dennis Butler, the Director of the RCPD; and
- October 29, 2019:  Cid served Barry Wilkerson, the Secretary of the Law Board.

At the district court, Appellees argued that Cid's state claim was time-barred by the Kansas savings statute and the federal tolling statute. See K.S.A. 60-518 ("If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure."); 28 U.S.C. § 1367 (The period of limitations for any supplemental jurisdiction claim that is dismissed because the court declines to assert supplemental jurisdiction "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). Cid argued that both the Kansas savings statute and the federal tolling statute should be applied to save his state claim.

The district court rejected both parties' arguments and calculated the statute of limitations using the federal tolling statute—finding that when Cid filed his federal claims on February 23, 2018, 155 days remained on the 2-year statute of limitations for his state claim. The clock was stopped until 30 days after Cid's federal claims were dismissed, which the court calculated as February 8, 2019. The court added the 155 days remaining on the tolled statute of limitations and found that under 28 U.S.C. § 1367, the statute of limitations was extended until July 13, 2019. See *Artis v. District of Columbia*, 583 U.S. ___, 138 S. Ct. 594, 606, 199 L. Ed. 2d 473 (2018) (applying the "stop-the-clock" method to calculate the statute of limitations when tolled pursuant to 28 U.S.C. § 1367). The court also calculated the statute of limitations using the Kansas savings statute, finding that it extended the statute of limitations six months from Cid's federal court dismissal—to July 9, 2019. The district court held that under either statute, Cid's July 3, 2019, filing of his state claim was within the statute of limitations. The parties do not dispute the court's finding that the federal tolling statute saves Cid's claims filed in state court on July 3, 2019—so long as he accomplished timely service on the parties. Appellees appear to dispute the district court's application of the Kansas savings statute—but this court need not evaluate that argument because the parties agree that July 3, 2019, is within the statute of limitations pursuant to the federal tolling statute.

The district court noted that "filing an action is not synonymous with 'commencing' an action in all instances," so it analyzed whether Cid's state claim was also timely commenced against Butler and the Law Board pursuant to K.S.A. 2019 Supp. 60-203, which provides:

> "[a] civil action is commenced at the time of: (1) [f]iling a petition with the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of

7

process or first publication, if service of process or first publication is not made within the time specified by paragraph (1)."

The district court found that Cid's August 29, 2019, service on Butler was effective service on the RCPD as Butler was the Director of the RCPD, and the service occurred within 90 days of Cid's state filing—so the *commencement* date of Cid's state claim against Butler was July 3, 2019—within the statute of limitations under either the federal tolling statue or the Kansas savings statute. However, the court found that Cid's August 29, 2019, service on Butler was ineffective service as to the Law Board because Butler was not a director of the Law Board, nor a member. It further found that Cid's October 29, 2019, service on Wilkerson, the Secretary of the Law Board, occurred more than 90 days after Cid's state claim was filed—meaning it did not relate back to the July 3, 2019, filing date and thus the suit against the Law Board was commenced outside the statute of limitations. The parties do not dispute these findings.

Appellees dispute the district court's finding that Cid's claim against the Law Board was outside the statute of limitations but could be saved under the purported service exception of K.S.A. 60-203(b) because Cid attempted to serve the Law Board by serving Butler. K.S.A. 2019 Supp. 60-203(b) provides that

"[i]f service of process or first publication purports to have been made but is later adjudicated to have been invalid due to an irregularity in form or procedure or a defect in making service, the action is considered to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff."

The district court held that Cid made purported service on the Law Board when Cid served Butler on August 29, 2019, and Cid had already cured his ineffective service by serving Wilkerson on October 29, 2019.

8

Appellees contend that the district court correctly found Cid's service on the Law Board ineffective, but it erred in finding Cid cured that ineffective service because Cid's service on Butler did not "'have the appearance of being'" service on the Law Board. Appellees contend that the only way Cid could claim purported service on the Law Board would be to have attempted service on the Law Board's secretary, chair, or vice-chair.

Whether the district court correctly applied the applicable statute to save Cid's service on the Law Board is a question of law over which this court has unlimited review. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). In *Fisher v. Decarvalho*, 298 Kan. 482, 314 P.3d 214 (2013), the case relied upon by the district court, the Kansas Supreme Court explained that K.S.A. 60-203(b) is clearly and unambiguously broad, and should not be read to unnecessarily limit its application. The *Fisher* court explicitly rejected previous rationale that "service of process cannot purport to have been made unless it appears to be facially valid." 298 Kan. at 501. It went on to hold that it

> "find[s] the language of K.S.A. 60-203(b) to be crystal clear. That language does, indeed, provide that its provisions can be applied to save a cause of action *any time* service of process is purported to have been made and is thereafter found defective *for any reason*. Any suggestion to the contrary is hereby disapproved." (Emphasis added.) 298 Kan. at 502.

Cid sued both (1) Butler, as the Director of the RCPD; and (2) the Law Board. As the district court noted, Cid claimed that service on Butler constituted substantial compliance with the service requirements because "notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property." See K.S.A. 2021 Supp. 60-204. Cid argued that service on Butler constituted service on the Law Board for multiple reasons, including that the Law Board meeting minutes reflected that

9

Butler was a staff member of the Law Board and thus he could receive service as a director or manager pursuant to K.S.A. 2019 Supp. 60-304(d)(4), and that the service was purported service on the Law Board. Cid explicitly claimed he attempted to serve the Law Board when he served Butler, and requested to correct the service pursuant to K.S.A. 2019 Supp. 60-203(b) if the district court deemed it ineffective.

Appellees do not dispute that Cid believed Butler could receive service on behalf of the Law Board—but claim that such erroneous belief cannot justify purported service. "The attempted service on the Law Board by serving the RCPD Director is not purported service under K.S.A. 60-203(b)" because it "did not 'have the appearance of being' service on the Law Board." Appellees contend that the Law Board is a government agency requiring service of it through service to its secretary, or in the event the secretary cannot be located, the chairperson or vice chairperson. Appellees go on to explain that "RCPD is unique in Kansas" in that the county does not have a sheriff or municipal police department and the RCPD is a separate entity from the Law Board. They further explain that although Butler is the Director of the RCPD, he is not a "director" of the Law Board as contemplated by the service statute in K.S.A. 2019 Supp. 60-304(d)(4).

Appellees' lengthy explanation of why service on Butler, as Director of the RCPD, is not purported service on the Law Board actually supports Cid's argument and the district court's finding—that Cid believed service on Butler constituted service on the Law Board. Cid did not serve a random, unrelated law enforcement officer or other member of the Law Board, but a person identified as the Director of the RCPD, which Appellees admit is a related entity. According to Appellees, the Law Board is the "county law enforcement agency" and the RCPD is the "county law enforcement department" and Butler was the "superintendent of the county law enforcement department." This unique (according to Appellees) law enforcement structure should not be used to create procedural hurdles to shield the RCPD or Law Board from service of process.

10

There is no argument here that the Law Board was harmed, prejudiced, or hampered in its defense by Cid's ineffective service. In fact, the Law Board was properly served on October 29, 2019—just 118 days after Cid filed the state suit and just 61 days after its codefendant and related entity received service. Contrary to Appellees' argument, purported service under K.S.A. 2019 Supp. 60-203(b) need not be facially valid. *Fisher*, 298 Kan. at 499. In fact, the statute can be used to cure "a defect in making service" whether or not that defect is apparent from the document's face. 298 Kan. at 502. Thus, the district court did not err in applying K.S.A. 2019 Supp. 60-203(b) to cure Cid's initially ineffective service on the Law Board.

CONCLUSION

The district court correctly concluded that the statute of limitations does not bar Cid's claims against Butler, as the Director of the RCPD, and the Law Board. Additionally, given the Kansas Supreme Court's decision in *Herington* during the pendency of this appeal—the district court's dismissal of Cid's claims under the res judicata doctrine is reversed. On remand, the district court should address Cid's claims on the merits.

Appellees' cross-appeal is dismissed.

Affirmed in part, reversed in part, and remanded with directions consistent with this opinion.

11